GEORGE WOLBRECHT, Appellant, *v.* CHARLES BAUMGARTEN, Appellee.

26  291
67a 626
68a 151
· 26  291
85a  81
26  291
108a ¹475

### APPEAL FROM STEPHENSON.

Although the court might set aside a third verdict, where there is not any evidence to sustain, or for a gross misdirection of the court, it will not do so unless in a very plain case.

A declaration for slander, charging perjury, need not aver that the evidence given was material, as the statute makes such language actionable *per se.* If the testimony given was not material, it should be shown by way of defense.

THIS was an action of case at common law, for slander, brought by appellee in the Circuit Court of Winnebago, and thence taken by change of venue to the Stephenson Circuit Court.

The first count of the declaration charges: For that whereas the said plaintiff (appellee) always was and is a good, true and honest citizen of this State, and (until the grievances hereinafter mentioned) unsuspected of any perjury, false swearing, or other crime whatever, and thereby had deservedly gained the good opinion of all his neighbors, etc.; and whereas, before the speaking and publishing of the false and scandalous words in this count mentioned, to wit, on the 5th day of November, A. D. 1857, at the city of Freeport, in the county of Stephenson, etc., to wit, in the county of Winnebago, etc., the said Charles Baumgarten, plaintiff in this suit, had duly appeared before Samuel Sankey, Esq., a justice of the peace in and for the town of Freeport, in the county of Stephenson, and State of Illinois, duly elected and sworn as such justice of the peace, and being then and there a witness on the trial of a certain cause before said justice of the peace, in which the People of the State of Illinois was plaintiff, and George Wolbrecht was defendant, and being then and there sworn by the said Samuel Sankey, justice of the peace as aforesaid, to testify upon the trial of said cause, (the said Samuel Sankey, Esq., as such justice, having full power

to administer such oath to the plaintiff,) and after having been duly sworn as aforesaid, the plaintiff did on oath testify and make certain statements material to the issue in the said cause then pending before the said Samuel Sankey, Esq., justice of the peace as aforesaid. Yet the said George Wolbrecht, defendant, well knowing the premises, etc., and then and there maliciously and falsely intending to have it believed, that the said Charles Baumgarten, plaintiff, had been guilty of false swearing and perjury, before the aforesaid justice of the peace, in the trial of the aforesaid cause, and that he, the said plaintiff, was guilty of perjury therein, afterwards, to wit, on the thirteenth day of November, A. D. 1857, at said county of Stephenson, to wit, at, etc., in a certain conversation with said Wolbrecht, defendant, then and there had with said Charles Baumgarten, plaintiff, in the presence and hearing of divers good and worthy citizens, etc., of and concerning, and to the said Charles Baumgarten, plaintiff, and of and concerning his aforesaid oath, and his evidence under said oath, on the trial of the cause aforesaid, before Samuel Sankey, Esq., justice of the peace, as aforesaid, then and there, in a loud voice, and in the presence and hearing of the aforesaid citizens, falsely, wickedly, wrongfully and maliciously, uttered, spoke, published and proclaimed, of and concerning and to the said Charles Baumgarten, plaintiff, and of and concerning his oath and evidence as aforesaid, these false, scandalous, malicious and defamatory words following, that is to say : " You" (meaning the said plaintiff) " have sworn to a damned lie," (meaning the oath and evidence aforesaid, so taken as aforesaid, by and before Samuel Sankey, justice of the peace as aforesaid). " You " (meaning the plaintiff) " have sworn to a damned lie before Samuel Sankey, and I can prove it." " You" (meaning the said plaintiff) " have sworn to a lie. I can prove it by your own daughter." " You" (meaning the said plaintiff) " have sworn that you never spoke to me previous to that time in the street; and that is a damned lie, and I can prove it; and now go and sue me in court if you dare ; you had better take down the names of witnesses." " You " (meaning the said plaintiff) " have sworn falsely, and I can prove it." " You" (meaning the said plaintiff) " have committed perjury." " You" (meaning the said plaintiff) " committed perjury, and I can prove it by your daughter." " You committed perjury." " You swore falsely." " You swore to a lie." " You swore to a damned lie." " I would not believe you under oath." " You are a damned liar, and you swore to a damned lie before Sankey." " You swore falsely before Samuel Sankey on the trial."

Meaning thereby that the said plaintiff had committed the

crime of perjury; all of which is to the great damage of said plaintiff.

The second count charges that said plaintiff, afterwards, etc., on the thirteenth day of November, A. D. 1857, at, etc., was and is a good, true and honest citizen, etc., and never was guilty of the crimes hereinafter laid to his charge; nevertheless the said defendant, well knowing, etc., but contriving and intending to injure, defame and slander the plaintiff in his good name, to wit, on, etc., at, etc., in presence of divers good and worthy citizens, etc., and in a loud voice falsely, etc., spoke, published, etc., of and concerning and to the said plaintiff, in order to have it believed that he, the said plaintiff, was guilty of the crime of perjury, the following false, etc., words, that is to say: "You" (meaning said plaintiff) "swore to a damned lie." "You" (meaning said plaintiff) "have sworn to a damned lie before Samuel Sankey," (meaning that the plaintiff had committed perjury). "You" (meaning said plaintiff) "have sworn to a damned lie before Samuel Sankey, and I can prove it." "You" (meaning said plaintiff) "swore to a lie." "You" (meaning said plaintiff) "have sworn to a lie, and I can prove it by your own daughter." "You" (meaning the said plaintiff) "have sworn that you never spoke to me previous to that time in the street, and that is a damned lie, and I can prove it; and now go and sue me if you dare." "You" (meaning the plaintiff) "swore to a damned lie, and I can prove it by your daughter." "You" (meaning the said plaintiff) "have sworn falsely, and I can prove it."

Meaning thereby that the plaintiff had committed the crime of perjury; all of which is to the great damage of said plaintiff.

The third count charges that said plaintiff, afterwards, on the 13th day of November, A. D. 1857, at, etc., was and is a good and true man, etc., and never was guilty of the crimes hereinafter laid to his charge, nevertheless the said defendant, well knowing, etc., but contriving and intending to injure, defame and slander said plaintiff in his good name, etc., to wit, on the 13th of November, 1857, at, etc., in the presence and hearing, etc., of and concerning said plaintiff, these false, etc., words, did speak, publish and declare, to wit: "You" (meaning said plaintiff) "swore to a damned lie." "You" (meaning said plaintiff) "have sworn to a damned lie, and I can prove it." "You" (meaning the said plaintiff) "swore to a damned lie before Samuel Sankey, and I can prove it." "You" (meaning said plaintiff) "swore to a lie." "You" (meaning said plaintiff) "have sworn to a lie, and I can prove it by your own daughter." "You" (meaning said plaintiff) "have

sworn that you never spoke to me previous to that time in the street, and that is a damned lie, and I can prove it; and now go and sue me if you dare; you had better take down the names of the witnesses." "You" (meaning said plaintiff) "have sworn falsely." "You" (meaning said plaintiff) "have sworn false before Sankey, and I can prove it by your oldest daughter."

Meaning thereby that the said plaintiff had committed the crime of perjury.

Damages laid at $5,000.

To this declaration defendant filed his plea of the general issue.

At the September term of the Stephenson Circuit Court, the cause came on for trial. The jury found defendant guilty, and assessed the damages at $500. Thereupon the defendant moved the court for a new trial and in arrest of judgment. The court granted a new trial, conditioned that defendant pay costs of term within thirty days.

At the following April term of said court, said cause was again tried, and the jury found defendant guilty, and assessed the damages at $150. Whereupon, defendant moved for a new trial and in arrest of judgment. A new trial was again allowed.

Afterwards, at September term, 1860, of said court, the jury found the defendant guilty, and assessed the damages at $549.50.

Whereupon the counsel for said defendant moved the court for a new trial, which said motion was overruled by the court, for the reason that two new trials had been granted in said cause.

Whereupon the court rendered judgment in favor of said plaintiff and against said defendant, for the said sum of $549.50 and costs, and awarded execution for the same.

TURNER & INGALLS, for Appellant.

LELAND & LELAND, for Appellee.

BREESE, J. Although there might be a case where this court would set aside a third verdict as being entirely without evidence to support it, or for a gross misdirection of the court as to the law, we do not think this is such a case. We do not discover any error in law, and as to the evidence, though not entirely satisfactory, it is sufficient to sustain the verdict.

It may be questionable whether the defendant in charging the plaintiff with swearing to a lie particularized with sufficient

distinctness in what part of the evidence the perjury was committed. One witness states it in one way, and another, another way, and it was fairly left to the jury to decide it. If in speaking in reference to a judicial proceeding, in which a plaintiff was a witness, a defendant should charge him with swearing to a lie, the case would be made out, though it might not appear that the person speaking the words, alluded to any particular part of the evidence. If it be insisted on the defense, that the words were spoken of a portion of the evidence, not material, it would be for him to show it.

Without all the evidence given before the justice of the peace was before us, we could not say that this detached portion of it was, or was not material. The doctrine is, that a declaration for slander need not aver that the evidence given by the plaintiff on the trial was material; especially is it so, where the words are actionable *per se,* as in this case, under our statute. They are made actionable by our statute, even if spoken without reference to a judicial proceeding. If then, it be thought the evidence was not material, and the plaintiff is not obliged to allege in his declaration that it was material, it follows, for the defendant to avail of it, that he must show it by way of defense. The case must be a very strong one for a defendant where this court would interfere to set aside a third verdict on grounds such as here set up, especially when the two preceding verdicts were in favor of the plaintiff. The judgment must be affirmed.

*Judgment affirmed.*