## JOHN SILSBE

### v.

## NAPOLEON B. LUCAS et al.

1. NEW TRIALS—*how many may be granted.* The 34th section of the practice act, which declares that, "No more than two new trials shall be granted to the same party in the same cause," does not operate to restrain the court from granting any number of new trials upon errors of law, but only from granting to the same party more than two new trials upon the ground of the verdict being against the evidence.

2. MEASURE OF DAMAGES—*in suit on an injunction bond.* A party, whose land was sold under a decree of foreclosure of a mortgage, borrowed money to redeem from the sale. The lender advanced the money for the redemption, and took the title to the land in himself, for security, giving an obligation to reconvey upon payment of the money so advanced by him, within a stipulated time. The time having expired, he obtained a decree for the sale of the land to pay the debt, becoming himself the purchaser, and, after the expiration of fifteen months, procured a deed from the master in chancery. Upon his application for a writ of possession, the borrower filed a bill in chancery, enjoining the same, giving a bond conditioned for the payment of costs and damages, etc. The injunction being dissolved, the lender brought suit on the bond: *Held,* the only question to be considered in estimating the damages he was entitled to recover was, what damages he had sustained by being prevented from obtaining possession of the land in consequence of the suing out of the injunction, and that no sum the land was worth, above the amount advanced by him, could be set off against the damages sustained.

APPEAL from the Alton City Court; the Hon. HENRY S. BAKER, Judge, presiding.

This was an action of debt, on a bond, brought by John Silsbe against Napoleon B. Lucas, Thomas McDow and John Utt, to the April term, 1867, of the circuit court of Jersey county, and afterward taken, by change of venue, to the Alton City Court.

It appears that Lucas, on the third of January, 1856, borrowed of Silsbe the sum of $1,574.90, for which he executed

his note, payable on the third day of January, 1858, with ten per cent interest per annum; that he procured the loan for the purpose of redeeming the S. half S. W. 17, 7 N, R. 11 W, containing eighty acres, which had been sold under a decree of court, obtained by Aaron Noble against Lucas, the time for the redemption of which was about to expire. It was arranged that Silsbe should pay the redemption money to Noble, and take an assignment of the certificate of purchase to himself, so that he could procure a deed from the master in chancery when the time for a redemption should expire, as security in part for the money loaned. Silsbe paid the money to Noble, and received an assignment of the certificate of purchase, and afterwards obtained a deed for the land. As further security, Lucas agreed with Silsbe to convey to him the N. W. N. E. 19, and a piece of land containing two acres, eighty rods long and four rods wide, off the north part of the N. W. N. W. 20, both in township 7 north, of range 11 west. On the third of March, 1856, he did convey these lands to Silsbe as additional security. On the third day of March, 1856, Silsbe executed to Lucas a bond for the reconveyance of all these lands, upon the payment of the note and interest and all taxes and assessments. Lucas having failed to pay the note and interest, Silsbe, on the third of January, 1859, filed a bill in chancery against him, to subject these lands to the payment of the note and interest. A decree was rendered for the sale of the land; the land was sold under the decree, and Silsbe became the purchaser, and after the expiration of fifteen months, obtained a deed to the same from the master in chancery. Whereupon, Silsbe filed a motion for a writ of possession, when Lucas and his wife filed their bill, for the purpose, among other things, of enjoining Silsbe's said motion for a writ of possession, and gave the injunction bond sued on in this case, conditioned that if Lucas would well and truly pay, etc. such costs and damages as might be sustained etc. by reason of the wrongful suing out of said injunction, then the same to be void. Upon the hearing in the circuit court it was decreed that said injunction be made perpetual,

but upon writ of error from this court, it was ordered that said decree be so modified as to dissolve the injunction restraining Silsbe from obtaining his writ of possession for the eighty-acre tract of land described in the bill, but so far as it related to the two-acre tract the decree was affirmed.   And to recover for damages the plaintiff has sustained by the detention of the eighty-acre tract of land consequent on the suing out of the injunction by defendant, Lucas, and his wife, this suit was brought on the bond.   Upon the trial, the plaintiff introduced evidence showing the value of the use of said land during the years 1862-'63-'64, and a portion of 1865, the time that the plaintiff was kept out of possession of the same by reason of the injunction.   And against the objection of the plaintiff, the defendants were allowed to give evidence to the jury, of the value of the land, of the amount of money loaned by the plaintiff to defendant, Lucas, and also against the objection of the plaintiff defendants gave in evidence to the jury the report of the injunction case, *Silsbe* v. *Lucas*, 36 Ill. 462.   The jury returned a verdict for the defendants, and upon a motion for a new trial being overruled, judgment was entered accordingly, whereupon the plaintiff appealed.

Messrs. WARREN & POGUE, for the appellant.

Messrs. BILLINGS & WISE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is insisted by appellant that the court below erred in the admission of evidence on the trial, and should have granted a new trial for that reason.   On the other side, it is urged that, there having been two new trials previously granted, a further new trial was prohibited by the statute.   The provision of the statute referred to as opposed to granting another new trial is the thirty-fourth section of the practice act.   (Gross' Comp.) · It declares that, "No more than two new trials shall be granted

to the same party in the same cause." The question is presented, whether this provision was intended to control at all times and under every kind of circumstances, whether it relates alone to where the finding of the jury is against the evidence, or whether it embraces new trials allowed for errors committed in the admission or rejection of evidence, in giving or refusing instructions, or for other improper rulings of the judge trying the cause, and whether it embraces new trials arising from reversals of the judgment on error or appeal to this court.

It would seem to be eminently proper, where three juries have found the facts the same way, that there should be an end of the controversy as to what the facts are. The law having constituted the jury the judges of the facts, and only invested the judge with power to set aside the verdict when it is to his mind against the evidence, and when the persons authorized to find the facts have three times determined them the same way, the supervisory power of the judge should then cease, and the facts thus found should be conclusive.

The same reason does not apply to the granting of new trials because errors in law have been committed. It is the duty of the judge trying the cause to apply the law correctly, and if he should commit an error, it is his duty, if discovered in time, and while the case is under his control, to correct the error. We can not believe that the legislature intended to relieve the court from the duty of correcting errors he may have committed on the trial, or to sanction such errors. If so, the legislature would have declared that there should be no more than two reversals of judgments in the same case on errors assigned by the same party. But the law requires this court to reverse in all cases where errors have been committed by the court below that are or might be prejudicial to the party seeking a reversal; and there is no limitation of the power, or exoneration from the duty, of correcting all such errors. This court has no option but to reverse whenever such errors have intervened, whether it be the second, third, or any other number of

times the errors have occurred against the same or other party; and the legislature could not have intended to preclude the circuit judge from granting a new trial when he had committed errors, and compel the party to incur the expense of prosecuting the case in this court for their correction, and to obtain a new trial in that mode. Such indirection could not have been designed. We are clearly of opinion that it is the duty of the court trying the cause to grant a new trial whenever the motion is interposed, if satisfied that he has erred in admitting or rejecting evidence, or in giving or refusing instructions, or deciding any other legal question, and is only restrained, by the statute, from reviewing the action of the jury in finding the facts after the concurrent number of verdicts, specified by the statute, have been found.

It is urged that the court below erred in permitting appellees to give evidence to the jury of the value of the land and the amount of money loaned. The question properly before the jury for trial was, what damages appellant had sustained by reason of the wrongful suing out of the injunction. It was not whether the land obtained under the assignment of the certificate of purchase was worth more than the money advanced. That question was proper, if it could have been presented as a defense, on the hearing under the bill for an injunction. That question was cut off by the decree in that case, and could not be presented on the trial of the issues in this case. To permit an inquiry into the sum of money advanced, and the value of the land purchased by the assignment of the certificate of purchase by appellant was not pertinent to the issues, and could have no other effect than to mislead the jury, and must have had that effect, as we can see no other mode of accounting for the finding of the jury.

When the court permitted that evidence to go to the jury, they had a right to suppose it was legitimate, and it was their duty to determine whether, when the whole transaction was considered, from its inception to the time of trial, appellant had not received as much or more in value than the money he had

advanced, with interest, while the only question proper for their consideration was the damages he had sustained by being prevented from obtaining possession of the land by the suing out of the injunction. If appellant purchased the land at a low rate, even for less than its value, there can be no pretense that any sum the land was worth more than was advanced by appellant, may be set off against the damages in this case. In admitting this evidence, there was manifest error; and for that reason the judgment of the court below must be reversed.

*Judgment reversed.*