## THE TOWN OF DE SOTO

### v.

## ANNA BUCKLES.

*Municipal Corporations—Negligence—Defective Sidewalk—Personal
Injuries—New Trials—Sec. 56, Chap. 110, R. S.—Evidence—Instructions
—Practice.*

1.  It is the province of the jury in a given case to pass upon the facts,
and if no error of law intervenes to affect the finding it should not be dis-
turbed unless unsupported by substantial evidence.

2.  It is not error to refuse instructions, the substance thereof being
embodied in some given for the same party.

3.  In view of the evidence,.this court declines to interfere with the
judgment for the plaintiff in an action brought to recover for personal
injuries suffered through the alleged negligence of a municipal corporation.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of Jackson County; the
Hon. GEORGE W. YOUNG, Judge, presiding.

Messrs. SMITH, McELVAIN & HERBERT, for appellant.

It was error to refuse the first of the defendant's refused
instructions.   Lovenguth v. City of Bloomington, 71 Ill. 238.

The fourth and fifth of the refused instructions simply told
the jury if plaintiff stepped into the hole knowing where it
was, and knowingly exposed herself to the danger, she could
not recover.   These are elementary principles.   Village of
Momence v. Kendall, 14 Ill. App. 229; City of Centralia v.
Krouse, 64 Ill. 19.

There was no valid reason why the sixth instruction should
have been refused.

If the verdict is manifestly against the weight of the evi-
dence, it is the duty of the court to reverse.   C., B. & Q. Ry.
Co. v. Gregory, 58 Ill. 272; Tilley v. Spalding, 44 Ill. 80; C.,
B. & Q. Ry. Co. v. Rosenfeld, 70 Ill. 272; Scott v. Blumb, 2
Gilm. 595; Baker v. Pritchett, 16 Ill. 66; Keaggy v. Hite, 12

Ill. 99; Miller v. Hammers, 51 Ill. 175; Adams Ex. Co. v. Jones, 53 Ill. 463.

While courts are reluctant to reverse a judgment unless there is error upon a question of law, yet it is the settled rule to reverse where the verdict is manifestly against the weight of the evidence. Reynolds v. Lambert, 69 Ill. 495, 498; Lowry v. Orr, 1 Gilm. 70; Southworth v. Hoag, 42 Ill. 446, 449.

Mr. WILLIAM A. SCHWARTZ, for appellee.

The refused instructions were properly refused. Some were argumentative, not based on the law or evidence, and told the jury such nonsense as to find for defendant if plaintiff did get hurt in the hole, if no abrasions were made on the skin. All in the refused that was fit for the jury was embraced in defendant's "given" instructions.

"One may go upon a sidewalk known to be out of repair and dangerous, and yet, if injured, may have a right of recovery if ordinary care is used," says this court in City of Joliet v. Conway, 17 Ill. App. 577; also see Ellis v. City of Peru, 23 Ill. App. 35.

The evidence in this case shows that this walk was in daily and constant use by the public; that many persons passed over it daily and in the night. Such being the case, it was not like the walk in the City of Centralia v. Krouse, 64 Ill. 19; and see Ellis v. City of Peru, 23 Ill. App. 35.

SAMPLE, J. The injury complained of in this case was occasioned, as alleged, by a defective sidewalk. Three juries have found the town guilty of negligence, and rendered verdicts in favor of the appellee. It appears from the printed argument of appellant's counsel that the circuit judges have exhausted the statutory right of granting new trials in this case, which means that the new trials have been granted for the same cause; for it is provided by Sec. 56, Chap. 110, that " no more than two new trials upon the same grounds shall be granted to the same parties in the same cause." As it has been held, that section only applies to *nisi prius* courts; in

the case of I. C. R. R. Co. v. Patterson, 93 Ill 291, it is sought to get a new trial in this court on the same grounds that operated to obtain it heretofore there. It is but affirming an old rule to say, that it is the province of the jury to pass upon the facts, and if no error of law has intervened to affect the finding, it should not be disturbed, unless unsupported by substantial evidence.

This rule arises, necessarily, out of the constitution of our courts and the fundamental law guaranteeing the right of trial by jury. This rule, which is applicable to one trial by a jury, is emphasized where there have been three such findings in the same case. As was said in Silsbe v. Lucas, 53 Ill. 482, it would seem to be eminently proper where three juries have found the facts in the same way, that there should be an end of the controversy as to what the facts were. The principal point relied upon, is that the verdict is unsupported by the evidence. Notwithstanding the views heretofore expressed, the record has been carefully examined and the conclusion reached that it is sustained.

That the sidewalk was defective and that appellee had her leg broken, are established and undisputed facts. The only matter in dispute is, was she injured by the defective walk?

The appellee testifies positively that she stepped into the hole and thus received her injury, while she was trying to avoid it on a dark night, as she was going home from church in company with Emeline Brown. In this statement she is substantially corroborated by her companion.

The appellant says she was not so injured, because, as it claims, when found thereafter, she was lying about fifteen feet from the place where the injury is alleged to have occurred; that by the testimony of experts it would appear to be improbable, from the nature of the bone fracture, that it occurred from stepping into such a hole, and that soon after the injury she stated that she fell off the sidewalk or stepped on some round object that rolled and threw her off and thus broke her leg.

These points analyzed in the light of the evidence are not all conclusively established, as appellant's counsel seems to

maintain. The claim that she was found so far away from the defect, is sharply disputed by appellee's witnesses. The undisputed facts in this connection are, that it was a dark night, the appellee was badly hurt and in such great pain, that her groans attracted the attention of people who went to her rescue; under the excitement of the moment no one probably noticed with any particularity the distance she was lying from the hole in the sidewalk or could have located the spot, by several feet, the next day. Even if she was found the distance from it alleged, who can say that in her fall she might not have plunged forward that far at the time or in her naturally excited struggles to recover herself, not fully realizing at the instant the extent of her injuries. It is said however, that no one heard her scrambling or crawling on the walk. Had she done so, not much noise would have been made and no one was listening in order to hear it; under such circumstances, with the attention otherwise directed, how often in every one's experience, has the ear failed to communicate a sound to the mind or at least to awaken it so as to record an impression. It is an almost every day occurrence. The evidence on that point, at most, is only argumentative.

The evidence of the experts was only theoretical, based on probabilities, outweighed by the tangible fact that there was the hole in the walk, with no other known agency to cause the injury.

The evidence, taken at all that is claimed for it, as to what the appellee said about stepping on something that rolled under her feet and thus threw her, does not very strongly militate against her right of recovery. She may have said and thought that at the time, not knowing exactly what was the cause of her fall. It was very dark so that she could not see the defect, and the sensation of her foot slipping in the hole may have been that which she is said to have described. Had the injury been so produced, however, the round stick or cob would probably have been found there; no one saw anything of that kind in the immediate vicinity, and it is not hinted that there was even a suspicion that it had been removed. Had she stepped on such an object and been suddenly thrown

thereby, the probabilities are, if we are to indulge in them, that she would have first struck some other part of her body in the fall than her foot. Her weight would probably not have been precipitated on her leg with such violence as to have broken the bones.

The refusal to give the first and sixth of the appellant's instructions, as numbered in the abstract, was not error, for the reason that the substance of them was embodied in other instructions given in its behalf.

An examination of those given shows that the jury was fully instructed as to all the points of law bearing on the case. There was no reversible error committed in refusing to admit the answer to interrogatory four, of Emeline Brown's deposition, for the reason that on cross-examination on that point she did not deny but that she may have so testified, and the fact that she did so testify in her deposition was proven by Dr. L. H. Reed, a witness introduced for that purpose on the part of appellant, which was not contradicted. Thus the appellant got before the jury the force of whatever contradiction there was in her testimony given at different times.

The answer, however, should have been admitted in the language which the witness had used; but in view of the other proof its exclusion, doubtless, did not in the slightest degree affect the result.

It is considered that there is sufficient evidence to sustain the verdict, and as there are no substantial errors of law the judgment will be affirmed.

*Judgment affirmed.*