### William Mischke v. The Chicago, Burlington and Quincy R. R. Co.

1. MASTER AND SERVANT—*No Recovery for Injuries Occasioned While Violating the Rules of the Master.*—A section boss in the employ of a railroad company, and in charge of a hand car, contrary to the rules of the company, took his wife upon it, as a passenger, over the track, to church on a Sunday. They were run into by an engine, and in endeavoring to save his wife, the section boss had four of his toes cut off. *It was held* that the injury sustained by him was due to the wrongful presence of his wife upon the.hand car as a passenger by his procurement, and his right of recovery was·denied.

**Memorandum.**—Action for personal injuries. In the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict for defendants by instruction of the court and judgment; appeal by plaintiff. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

BREWER & STRAWN, attorneys for appellant; O'CONOR, DUNCAN & HASKINS, of counsel.

Samuel Richolson, attorney for appellee; O. F. Price, of counsel.

Mr. Justice Cartwright delivered the opinion of the Court.

Appellant was plaintiff in this suit in the Circuit Court, and in his declaration, which contained three counts, he alleged that he was a section boss of appellee, defendant in the suit, and that while he was rightfully riding upon and driving a hand car on defendant's railroad, other servants of defendant in charge of an engine so negligently, wantonly and maliciously managed and drove the same that it struck and injured him.    The defendant pleaded the general issue and the parties went to trial.  Plaintiff then proved that he was a section foreman on the I. V. & N. branch of defendant's road running from La Salle to Streator and lived at Ticona; that his section extended two miles northwest and three miles southeast from Ticona; that on Sunday, April 13, 1890, he took defendant's hand car, of which he had charge, for the purpose of going to church; that he took off some tools and left some on, and if he had seen anything wrong on his way to church he would have fixed it; that he took his wife and a section hand and started with the hand car for the church four miles away, which they would reach by going three miles on the hand car and walking a mile across the country; that while they were all working the hand car going up grade and all facing southeast and giving no attention to anything behind them, an engine following them and running rapidly, backing up, approached and whistled when about ten rods from them, that plaintiff and the section hand got off from the hand car at the sides of the track in safety, but plaintiff's wife jumped off backward in the middle of the track in front of the approaching engine and fell down, and that plaintiff seeing his wife's danger jumped to the track, and with his right foot against the rail, took her by the hand to pull her off, but before he succeeded she was run over and killed and four of his toes were cut off.  Plaintiff having intro-

duced all his evidence, the court directed a verdict for defendant which was returned and judgment was entered accordingly.

Disregarding all other questions affecting the right of plaintiff to recover, the fact that the loss of his toes for which he sued was wholly due to the wrongful presence upon the hand car of his wife as a passenger by his procurement and authority, was a bar to recovery. There was and could be no pretense that his act in taking his wife as a passenger to church with defendant's car and upon its road was the exercise of any right or the performance of any duty to defendant. Plaintiff got off in safety, and his injury was caused by his going into danger to rescue his wife from her perilous position. The proofs did not tend to sustain the charge made in the declaration, nor did they tend to show that the injury was in any respect wanton or willful. Under such proof there could be no recovery by plaintiff and a verdict for defendant was properly directed.

It is complained that the court refused to admit evidence that plaintiff had been over his section before that on Sunday, and that it was his duty to look after the track, and to let him prove what purpose he had in taking the tools on the hand car. There was no question but that the purpose of the trip was going to church, and that it would not have been undertaken if that object had not been in view, and the only effect claimed for the evidence is that it would have a bearing on the question whether he was a trespasser in taking the hand car and tools and going over the road, but it could have no influence upon the fact of his taking his wife as a passenger. She had no object except to go to church, and it is not claimed that her presence on the car was due to any duty of repair or inspection or any intention to perform any such duty. But for her presence the injury would not have occurred, and if everything which it was proposed to put in evidence had been admitted there would still have been no right of recovery. Being of the opinion that the direction given was proper and the verdict right, the judgment will be affirmed.