## John Gall v. Augustus C. Beckstein.

1. JUDGMENTS—*Must Follow the Verdict.*—If, on a verdict for the plaintiff, judgment is entered for the defendant, or *vice versa*, it is error on the face of the record—unless on the record something appears to justify such judgment. The justification may be on the pleadings, as when the judgment is arrested, or entered *non obstante veredicto.*

2. SPECIAL FINDINGS—*Adjuncts of the Verdict.*—Special findings are adjuncts of the verdict, and only by considering them as part of the record can a judgment for the defendant, after a verdict for the plaintiff, be held regular.

3. VERDICT—*Where it Will Prevail—Special Findings.*—Unless the finding is irreconcilable with the general verdict, looking only at the pleadings, verdict and findings, the general verdict will prevail.

**Action for Personal Injuries.**—Error to Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed October 22, 1896.

WILLIAM A. DOYLE and J. D. ANDREWS, attorneys for plaintiff in error.

WALKER & EDDY, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiff here was the plaintiff below, and sued the defendant in error and Augustus E. Beckstein for damages sustained by him because of a broken leg—he being in their service as a laborer.

The suit seems to have proceeded only against the defendant in error.

The first count charged the defendants with negligence in ordering barrels of salt to be unloaded from a wagon by bodily lifting the same out, instead of adopting the usual and proper method of using a skid. The second count charged the negligence to consist in taking him from the safe kind of work for which he was employed, and ordering him to assist the foreman in unloading the salt, and that the foreman negligently caused the barrel to fall. The last count is that the barrels were too heavy to be handled by two persons without skids or other device, and he was ordered to assist the foreman, and the foreman negligently caused the barrel to fall on the plaintiff—the result stated in each count being the broken leg.

The trial ended in a verdict of the jury finding the defendant guilty and assessing the plaintiff's damages at fifteen hundred dollars, with their special findings upon the questions submitted to them by the court as follows :

" 1. Do you find from the evidence that it is a common custom for two men, in unloading trucks or wagons, to swing or hand down barrels of a similar character and weight without the use of a barrel step, or other support to rest them on ? No.

2. In swinging or handing down the barrels of salt without the use of a barrel step, or other support to rest the barrel on, was there any danger which was not as plain and apparent to Gall as Freechal ? Yes.

3. Was the falling of the barrel an accident which might under similar circumstances happen to any two ordinarily careful men working together ? Yes.

4. Was the accident caused by carelessness on Freechal's part in the manner in which he handled his side of the barrel ? Yes."

Notwithstanding the verdict for the plaintiff, the court entered judgment for the defendant.

There is no bill of exceptions in the case, and the defendant argues that without one there is no question before this court; citing cases from Indiana. We find, upon a slight examination of the decisions in that State, some vacilla-

tion, and that the code of that State is the guide of the court. Shaw v. Merchants Nat. Bk., 60 Ind. 83; Salander v. Lockwood, 66 Ind. 285; Wright v. Williams, 83 Ind. 421.

In this State the common law remains our guide, except so far as changed by statute. One of the rules of the com- mon law is that, after jury trial and verdict—unless cause to the contrary appear—the judgment must follow it. 1 Black on Judgments, 186; Halberg v. Brosseau, 64 Ill. App. 520.

If, on a verdict for the plaintiff, judgment is entered for the defendant, or *vice versa*, it is error on the face of the record, unless, on the record, something appears to justify such judgment. The justification may be in the pleadings, as when judgment is arrested, or judgment entered *non ob- stante veredicto*. 1 Humph. Prac., 578–9.

Here the judgment entry presents the special findings as such justification.

Those findings are adjuncts to the verdict—qualifications of it—and only by considering them as part of the record, can a judgment for the defendant, after a verdict for the plaintiff, be held regular. Without looking at the special findings, such judgment is erroneous for not following the verdict.

Then the question is whether the findings are a sufficient justification of such a judgment.

The finding relied upon by the defendant is the fourth. It is a rule, undisputed, that unless the finding is irreconcil- able with the general verdict—looking only at the plead- ings, verdict and finding—the general verdict prevails. Smith v. McCarthy, 33 Ill. App. 176; Stein v. Chi. & G. T. Ry., 41 Ill. App. 38.

Now consider the fourth finding: " Was the accident," (what accident?) " caused by carelessness on Freechal's " (who is Freechal?) " part in the manner in which he handled his side of the barrel? Yes."

It is only by mere conjecture that such question and answer can be supposed to relate to anything in controversy in this case, and if the relation is assumed, it is not the law

that if a master wrongfully puts his servant in danger, to co-operate with another servant, that the carelessness of the latter, co-operating with the danger, discharges the master from responsibility. If there be no ground for refusing the plaintiff a judgment on the verdict, other than the special findings, he is entitled to such judgment. Whether there be any such other ground, is not a question before us.

The judgment is reversed and the cause remanded.