## Samuel P. Parmly v. J. Hamilton Farrar.

1. PRACTICE.—*Reasons for Giving Judgment, Immaterial.*—The reasons given by a judge in justification of a judgment pronounced by him are immaterial. The only question in such connection is, was there any substantial error committed by the court or was the judgment right according to the rules of law.

2. NEW TRIALS—*Application of the Statute Restricting the Granting of.*—Section 27 of the practice act, providing that "no more than two new trials upon the same grounds shall be granted to the same party in the same cause," does not apply to the granting of new trials for errors of law, but applies only so far as to restrain courts from reviewing the action of the jury on the facts after the concurrent number of verdicts specified by the statute have been found.

3. SAME—*When a New Trial Should Not be Granted.*—When a jury, to whom the facts have been submitted, has three times determined herein the same way, the supervisory power of the judge should cease and the facts thus found should be conclusive.

4. PRACTICE—*Special Findings and the General Verdict Must be Reconciled.*—Inconsistencies between the special findings and the general verdict must be irreconcilable in order that the special findings shall control, and all reasonable presumptions will be entertained in favor of the general verdict, while nothing will be presumed in aid of the special findings. Unless the special findings are irreconcilable with the general verdict, looking only at the pleadings, verdict and findings, the general verdict prevails.

5. SAME—*When Indebitatus Assumpsit Will Lie.*—When a contract is at an end, either by its own original terms or by the subsequent consent of the parties, or by the unjustifiable acts of the defendant, and nothing remains but to pay money, *indebitatus assumpsit* will lie, although the debt accrued under a special contract, and such special contract may be proper and necessary evidence in support of the action.

Assumpsit, for commissions. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Mr. Justice GARY dissenting upon one point. Opinion filed December 28, 1896.

HECKMAN & ELSDON, attorneys for appellant.

GEORGE W. PLUMMER, WHARTON PLUMMER and W. I. CULVER, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $5,000, entered upon a verdict for that sum, in a suit brought by the appellee against the appellant, to recover commissions claimed to have been earned under an express oral contract for the sale of real estate.

There had been two previous trials, resulting in verdicts of three thousand dollars, and twenty-five hundred dollars, respectively, for the appellee. The trial judge permitted the following to be incorporated into the bill of exceptions, presumably, for the purpose of preserving his reasons for overruling the motion for a new trial:

"And the court in denying the said motion for a new trial, although stating that the preponderance of the evidence was with the defendant, based its refusal on the ground that two verdicts had already been rendered for the plaintiff and that there must be an end of litigation."

The reasons that a judge gives in justification of a judgment pronounced by him, are immaterial. The only question in such connection is, was there any substantial error committed by the court, or, was the judgment right according to the rules of law? Hahn v. Gates, p. 596, this volume.

Our practice act, Sec. 57, concerning verdicts and new trials, provides that "no more than two new trials upon the same grounds shall be granted to the same party in the same cause," etc.

Such a statutory provision may be said to be but declara-

tory of the principle embodied in the maxim "*Interest reipublicae ut sit finis litium*," and has always had a place in the statutes of this State, although previous to the revision of 1874, the words, "upon the same grounds," were not contained in it. Sec. 24, Chap. 83 (entitled "Practice"), Rev. Stat. 1845.

The Supreme Court has repeatedly held, and so proceeded as to impliedly hold, that the statute had reference to trials in *nisi prius* courts, but had no application to that court. Wolbrecht v. Baumgarten, 26 Ill. 291; Stanberry v. Moore, 56 Ill. App. 472; Silsbe v. Lucas, 53 Ill. 479; Ill. Cent. R. R. Co. v. Patterson, 93 Ill. 290.

In the last cited case there is an expression (on p. 292) which seems to indicate that the court intended to include the Appellate Courts of the State as being, in such regard, excluded from the operation of the statute. And the Appellate Court of the Fourth District, impliedly, so held. Town of De Soto v. Buckles, 40 Ill. App. 85.

But even as to *nisi prius* courts, it was very clearly stated in Silsbe v. Lucas, *supra*, that the statute does not apply to the granting of new trials for errors of law, but applies only so far as to restrain them from reviewing the action of the jury on the facts after the concurrent number of verdicts specified by the statute have been found.

While, therefore, we would not hesitate because, simply, of the statute, to reverse the judgment, we are not at liberty to do so in violation of law equally as binding upon us as a statute would be, if there were one.

The law that the determination of facts rests with the jury, and that their finding upon conflicting evidence will not be disturbed unless it is made to appear that passion, partiality or prejudice guided their verdict, is about as old as the right of jury trial itself. And such rule is applicable to a single trial.

The fact that three trials have been had, all resulting in favor of the same party, merely makes the rule more emphatic, but does not give rise to it.

When a jury to whom the facts have been submitted, has

" three times determined them the same way, the supervisory power of the judge should then cease, and the facts thus found should be conclusive." Silsbe v. Lucas, *supra*.

We will not examine the facts, in the face of three verdicts against the appellant upon the same issue, which we assume was the case—the declaration consisting only of the common counts in *indebitatus assumpsit*, and the only plea being the general issue—further than to ascertain if there was evidence that tended fairly to support the verdict. And it would add nothing to the value of this opinion as a precedent, for us to recite the evidence that supported the appellee's case.

There was clearly such testimony and documentary evidence as made out a case for the jury to pass upon. Whether there was such a preponderance of evidence in favor of the appellee as to leave us entirely satisfied with the verdict, is not a question we have to deal with on this record. There was enough evidence upon which a jury might do as was done, and unless some material error of law was committed, the judgment must stand.

The questions of law presented by the brief of appellant are neither many nor complex.

It is said that there was such language employed by counsel for appellee in his argument to the jury, as was calculated to arouse their prejudices against the appellant. We will not reproduce the remarks, nor say more concerning the point than to refer to what is said upon the subject in the opinion of this court in Harms v. Steir, p. 634, this volume.

It is next urged that the general verdict was contrary to the special findings. The inconsistency between special findings and the general verdict must be irreconcilable, in order that the special findings shall control; and all reasonable presumptions will be entertained in favor of the general verdict, while nothing will be presumed in aid of the special findings. C. & N. W. Ry. Co. v. Dunleavy, 139 Ill. 132; Independent Dryer Co. v. Livermore F. Co., 60 Ill. App. 390.

It is a rule, undisputed, that unless the finding is irreconcilable with the general verdict, looking only at the pleadings, verdict and finding, the general verdict prevails." Gall v. Beckstein, 66 Ill. App. 478.

The inconsistency between the special findings and the general verdict that appellant complains of is pointed out by his brief as arising because the jury, by one answer, found that the contract of agency which appellee had, fixed the price at which the property was to be sold at $250,000; and that by another answer they found that appellee was not employed to make the sale without limitation as to the price for which it should be sold. And it is then argued that the evidence showed a sale at $245,000.

This court can not look at the evidence to determine whether there be such an inconsistency between the special findings and the verdict as that the former must be held to control. Cases last above cited.

But if we are at liberty to do so, we would be required to hold that there was not, for any reason pointed out, any fatal inconsistency between the two. It does not at all follow that because there was a fixed price for the property when the contract of agency was entered into, or because appellee had no agency to sell the property without limitation as to price, that the appellant might not have availed himself of the purchaser procured by appellee, and himself sold the property to such purchaser at a price less than the terms of appellee's agency permitted him to do, whereby appellee would be, in law, entitled to recover his commissions the same as if he had personally concluded the sale.

No criticism is made of the instructions given in behalf of the appellee, but fault is found with the refusal to give three instructions asked by the appellant, only one of which requires to be noticed. It was sought by that instruction to have the jury told by the court that no recovery could be had under a declaration consisting of the common counts alone, unless there had been shown, by a preponderance of the evidence, a contract fully performed by the appellee.

While, as a matter of law, the proposition embodied in

the instruction was abstractly correct, and that no re-
covery upon a *quantum meruit* count could be had, where a
special contract was relied upon, without showing perform-
ance of the contract so that nothing but payment therefor
remained to be done, it did not state the whole proposition
necessary to certain phases of the evidence concerning the
wrongful prevention by the appellant of full performance
by the appellee.

"When a contract is at an end, either by its own original
terms or by the subsequent consent of the parties, or by the
unjustifiable acts of the defendant, and nothing remains but
to pay money, *indebitatus assumpsit* will lie, although the
debt accrued under a special contract, and such special con-
tract may be proper and necessary evidence in support of
the action."   Wolf v. Schlacks, 67 Ill. App. 117.

There was evidence tending to show that appellant wrong-
fully took full performance of the contract out of the power
of appellee, by himself completing a sale begun by appellee,
and the instruction, to have been applicable to the case,
should have included that element, in order to have made it
error to refuse it.

We have examined the record with diligent care, and find-
ing no substantial error of law, it becomes our duty to affirm
the judgment, and it is so ordered.


Mr. Justice Gary.

I only wish to dissent from the doctrine of the cases cited
by Judge Shepard, holding that the forbidding granting
more than two new trials, applies only to the courts where
the trials were had.

An Appellate Court can correct only errors committed by
the court below, and how could the court below err in not
doing what the statute forbids it to do?


Mr. Justice Waterman.

I am of the opinion that, while the fact that a court had
or gave a poor reason for coming to a right conclusion is
inconsequential, yet a statement of the reason actuating a

*nisi prius* court for making a judgment, may properly be made and prove useful.

In the present case, the fact that the court thought that the preponderance of the evidence was with the appellant, is not important; the determination as to the preponderance of the evidence is for the jury; and because of a mere difference of opinion as to such preponderance, the judge should not set aside a verdict. But if to the judge the verdict appear to be against the clear preponderance of the evidence, the result of passion or prejudice, he may properly interfere.

The trial judge is yet in this State an essential part of the tribunal engaged in ascertaining the truth as to disputed questions of fact. He takes part in the making of the record, and may make his opinions a portion thereof.

An Appellate Court, ordinarily, deals only with the record made below; yet the reasons actuating the Appellate Court in its final determination are sometimes important, and where such final determination is the result of finding the facts in controversy wholly or in part different from the finding of the court from which the cause was brought, it is the duty of the Appellate Court in its final order to recite the facts as found by it.