### Samuel P. Parmly v. J. Hamilton Farrar.

1. PRACTICE—*Where Juries Have Found Three Times the Same Way.*—Where the facts have been determined the same way three times, the verdict should be deemed conclusive unless material errors of law have intervened, or it is made to appear that passion, partiality or prejudice have guided the verdict.

**Assumpsit.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appel- late Court at the October term, 1901. Opinion filed January 16, 1903. Remittitur filed and cause affirmed January 22, 1903.

HECKMAN, ELSDON & SHAW, attorneys for appellant.

ARTHUR B. WELLS and JOHN M. BLAKELEY, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment for $5,000 entered pursuant to the verdict of a jury assessing appellee's dam- ages at that sum.

The suit is brought in assumpsit under the common counts, upon an alleged verbal contract. Appellee states that he was by a written document given the exclusive agency, for thirty days, to effect a sale of Boone Block, Chicago, for $250,000; that upon appellee's refusal of the contract on those terms and its return to appellant, the latter abandoned the limitation as to time, saying to appellee, "never mind the thirty days; go ahead and sell it;" that subsequently there was a further modification by which appellant authorized appellee to effect a sale to the final purchaser, Wirt D. Walker, who owned the corner adjoining said Boone Block, the consideration to be certain properties belonging to the latter, to be taken in exchange as equivalent to the price originally named. Appellee claims to have fully performed the contract, to have induced Walker to make the exchange, and brought the parties together so that the transaction was finally consummated. It is claimed that there was an understanding between the parties to the suit that appellee should receive $5,000 as a commission for effecting the sale. This, however, does not seem to have been included in the actual terms of the contract as it is stated by appellee. What was said about that seems to have been prior to the time when, by the written instrument, a contract was first given to appellee as he states, and so far as appears from his statement of the contents of that paper, it contained no reference to any specific sum to be paid him as commissions, and this appears to have been omitted also from the alleged verbal contract and its modifications as testified to by appellee. The contract, according to the abstract of appellee's testimony before us, was an authorization or employment to effect a sale or exchange of Boone Block for $250,000, or for certain specified property then belonging to Wirt D. Walker, the compensation for so doing to be *quantum meruit*.

The cause has been tried now four times before as many different juries, each trial resulting in a verdict in favor of appellee. The first verdict awarded him $3,000. This was set aside. Upon the second trial there was a verdict

for $2,500. This also was set aside. Upon the third trial appellee recovered a verdict and, judgment for $5,000. This was affirmed by the Appellate Court (Parmly v. Farrar, 67 Ill. App. 624), but reversed by the Supreme Court for error in the refusal of an instruction. (Parmly v. Farrar, 169 Ill. 606.) There is now a fourth verdict in favor of appellee upon which a judgment has been entered, which we are asked to reverse.

When the cause was in the Appellate Court upon the former appeal from a judgment for the same amount as in the present instance, it was said : " We will not examine the facts in the face of three verdicts against the appellant upon the same issue * * * further than to ascertain if there was evidence that fairly tended to support the verdict." The cause is now here with a fourth verdict in favor of appellee upon the same pleadings, and so far as we are advised, substantially the same evidence. In the present instance, as heretofore, it is clear that there is " enough evidence upon which a jury might do as was done," although it is still true in our opinion, as heretofore, that the preponderance is with the appellant. In the opinion of the Appellate Court above referred to, Mr. Justice Shepard reviews the effects of repeated verdicts, and concludes that unless material errors of law have intervened or it is made to appear that passion, partiality or prejudice have guided the verdict, the facts three times determined the same way should be deemed conclusive. This does not in the case at bar apply to the amount of the verdict, for that has varied as before stated. But that appellee is entitled to recover some amount, we are compelled to conclude as finally settled. It is not to be presumed that passion, partiality or prejudice have influenced four different juries in as many trials.

It is urged, however, that the judgment must be reversed for errors of law. What we have above said, sufficiently disposes of the first objection, that the preponderance of the evidence is with appellant. Even if it is true, and as we have said, we incline to that opinion, the repeated verdicts preclude further review.

It is urged that there is no evidence to support the verdict, first, because the contract testified to by appellee contemplated payment of a commission only in case there was a sale for $250,000; and that as there was no sale, but merely an exchange of properties, the contract was not performed; and second, because there is no evidence that the real estate received by appellant in exchange was worth $250,000. However that may be, there is evidence from which the jury could find that the contract was fully performed by appellee, if, as they seem to have done, they considered that appellee did in fact bring about the sale or exchange by the efforts to which he testifies. The mere fact that appellant may have finally consented in concluding the sale to a reduction in the consideration, or to receiving payment in other property instead of cash, would not deprive appellee of any right he might have to a commission already earned. See Parmly v. Farrar (*supra*), 67 Ill. App. 624–628. There is testimony tending to show that appellant authorized appellee to make the trade as it was finally concluded, which, if true, was a modification in that respect of the original terms of the alleged contract.

It is urged that the court erred in excluding from the jury certain evidence concerning the negotiations which it is said resulted in the exchange between appellant and Walker, to whom Boone Block was conveyed. By this refused evidence, it was sought to show the physical condition of Boone Block at the time the negotiation between appellant and the purchaser, Walker, was entered into; that Walker, acting under a party wall agreement with appellant, had removed the wall of Boone Block for the erection of a new party wall between the properties; that appellant's tenants had been interfered with, and water pipes frozen in consequence of the removal; that Walker had become liable to appellant for damages, and that it was these conditions and this liability which led to the negotiations and induced Walker to make the exchange by which he acquired title to Boone Block, and avoided claims for damages and also the expense of the erection of a party wall

between the properties; conditions with which appellee had nothing whatever to do. It is urged, however, in behalf of appellee, that the evidence was properly excluded, because it related only to matters occurring after appellee had brought appellant and Walker together and earned his commission under the alleged contract, and that it was therefore immaterial. That, however, is the point in dispute—whether appellee did bring the parties together and earn his commissions, and some of the evidence to which objections were sustained, was, we think, competent as bearing upon that question. Appellee claimed that the exchange with Walker was consummated, as he says he told appellant, " on the identical figures I advised him to make, and you to make, and the identical figures that you asked me to submit to him." It was, we think, competent for appellant to show that other circumstances existed calculated to bring the parties together and to effect the sale or exchange, such evidence having a direct bearing upon the question whether appellee's efforts or other causes brought it about. It does appear, however, that by appellee's direct testimony the jury were advised of the existence of these conditions; and that appellant was claiming " that Walker was piling up a great lot of damages against himself," because of the party wall. The facts were therefore made known to the jury, notwithstanding the rejection of the evidence referred to. Appellant was not permitted to introduce a letter which he claims to have written to Walker, calling the latter's attention to damages likely to arise from the conditions created by tearing out the wall; and evidence of a third party, as to what he heard said by appellant and Walker, appellee not being present, in conversations relating to the exchange, was also ruled out. But Walker himself had been put on the stand, and had testified sweepingly that appellee was not instrumental in bringing about the sale. His testimony was the best evidence on the matters referred to, and the general rule that parties can not be permitted to introduce evidence for themselves made by writing letters or by making statements in conversations of which the party

affected thereby is not cognizant, is not to be lightly disregarded. On the whole we are of the opinion that appellant was not injured by the rejection of the testimony referred to, although, as we have said, some of it might, we think, with propriety have been admitted.

The suit was brought under the common counts, upon the theory that a special contract had been fully performed, leaving only a simple debt due appellee. This contract, as stated by him, was modified so as to authorize an exchange of the property without the limitation as to price, and without reference to the exact value of the property taken in exchange. We find, therefore, no error in the instruction complained of and no conflict with the fifth instruction given in behalf of appellant.

On the whole the case was, in our opinion, fairly submitted to the jury, notwithstanding the rejection of some evidence which might, as we have said, been properly admitted, and we should not hesitate to affirm the judgment, except for the preponderance of the evidence against appellee. The judgment is for $5,000. The express contract, as testified to by appellee himself, does not contain an agreement to pay any specific sum. It is stated by appellee that appellant told him before the latter gave him the agency, as he claims, to sell Boone Block, " You can make your $5,000 when you sell Boone Block." But the agency was not given at that time, and when it was given it was in writing, and according to appellee's testimony substantially as follows: " I hereby give you the exclusive agency for thirty days for sale of the Boone Block at $250,000. Samuel P. Parmly." This contains no reference to the amount of commissions to be paid appellee for the sale. Nor was the amount fixed by any of the alleged subsequent verbal modifications. Appellee was entitled, therefore, to recover under the common counts, if at all, upon a contract claimed to have been fully performed, such amount as his alleged services were reasonably worth. Different juries have disagreed upon the sum to be awarded. In view of this fact, and the further fact that both trial

and reviewing courts have expressed the opinion that the verdicts were against preponderating evidence, a view in which we are obliged to concur, but recognizing, nevertheless, that inasmuch as four juries have found appellees entitled to recover we are bound to respect such finding upon the questions of fact, we are of opinion that it is our duty to affirm the judgment, with such modification of the amount as will conform to that one of the finding of the juries who have heard the evidence in the case, which seems to us from the evidence most nearly in accordance with justice between the parties.

If, therefore, the appellee shall within ten days from the date of filing this opinion remit $2,500 from the judgment in his favor, the judgment so modified will be affirmed. Otherwise it will be reversed and the cause remanded.