# Tri-City Railway Company v. John Brennan, Adm'r.

1. EVIDENCE—*Words Spoken by Conductor at Time of Accident a Part of the Res Gestae.*—The words spoken by a street car conductor at the time of an injury to a passenger alighting from his car is admissible as a part of the *res gestae.*

2. DEPOSITIONS—*How Objections to Matters of Form Should be Raised.*—An objection which goes to a matter of form in a deposition, and not to the competency of the testimony, should be raised by motion to suppress before the trial, so that if the motion is sustained the defect can be remedied before trial.

3. ACTIONS—*For Personal Injuries—Measure of Damages When Death Results from a Cause Other than the Injury.*—Where the death of the injured party results from a cause other than the injuries for which the suit is brought, there may be a recovery, notwithstanding the death, for precisely the same injuries that the party himself could have recovered for, had he lived until after the final trial.

4. STATUTES—*Sec. 56 of the Practice Act Applies Only to Trial Courts.*—Section 56 of the practice act which enacts that "no more than two new trials upon the same grounds shall be granted to the same party in the same cause," applies only to trial courts, and does not prevent reviewing courts from reviewing a judgment founded on a third verdict not warranted by the proof, especially where there is a want of evidence to support the verdict rather than a mere conflict in the testimony.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. HIRAM BIGELOW, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed April 21, 1903.

JACKSON, HURST & STAFFORD, attorneys for appellant.

LOONEY & KELLY and S. R. KENWORTHY, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On July 27, 1899, Mrs. Mary Cass received an injury in the city of Rock Island as she was alighting from a street car operated by the Tri-City Railway Company. On April 4, 1900, she began this suit against said company to recover damages for said injuries. She alleged that a servant of the company negligently caused the car to move or start with a jerk as she was alighting, and she was thereby thrown to the ground and injured. Her deposition was taken in the cause, and she afterward died before a trial. The administrator of her estate was substituted as plaintiff. There have been four trials, each before a different trial judge, and four verdicts for plaintiff. The first three verdicts were set aside. Plaintiff had judgment

Tri-City Ry. Co. v. Brennan.

for $500 upon the fourth verdict, and defendant appeals therefrom.

Mrs. Cass having directly answered the question where the conductor was, added that when the conductor came around from the end of the car he said, "It is too bad. I ought to have been there." Defendant moved to exclude so much of the answer as gave the conductor's words, because not responsive to the question and because the language used by the conductor could not affect defendant's liability. The court denied the motion. What the conductor said at the time was a part of the *res gestae* and competent proof. If defendant had in apt time moved to suppress that part of the deposition containing those words because not responsive to the question, plaintiff could have retaken the deposition, if she desired, and could have put a question fitted to elicit what the conductor then said. An objection which goes to a matter of form in a deposition, and not to the competency of the testimony, should be raised by motion to suppress before the trial, so that if the motion is sustained the defect can be remedied before trial. When this motion was made at the trial, Mrs. Cass was dead and could not be called, nor could the deposition be retaken. The court instructed the jury, at defendant's request, that there could be no recovery for any neglect of duty by the conductor in failing to assist Mrs. Cass off the car at the time of the injury. The jury, therefore, could not have found against defendant because of what the conductor said. It also seems that the answer was read to the jury without objection, so that the court could not have erred in admitting it. Then defendant moved to exclude it, and that motion was denied. Defendant's motion for a new trial stated the grounds relied upon, and did not include therein a refusal to exclude improper testimony after it had been admitted. For this further reason defendant can not avail here of the supposed error.

The first instruction given related to the measure of damages if the jury found for plaintiff. It concluded as follows: "And you should award such damages only as

you would award Mrs. Cass if she were living and prosecuting her case in her own behalf." It is argued this was erroneous, because Mrs. Cass if living could have recovered damages for permanent injuries, whereas these were excluded by her death. The proof shows the death of Mrs. Cass did not result, directly or indirectly, from the injuries here complained of. It was held in C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 586, that " where the death results from a cause other than the injuries for which the suit is brought, there may be a recovery, notwithstanding the death, for precisely the same injuries that the party himself could have recovered for, had he lived until after the final trial." This instruction applied that doctrine and was correct. An instruction given at defendant's request said that the only period of time which the jury could consider in determining the damages, was " the period from the time of the alleged injury to Mary Cass, and during her lifetime after that period." The jury therefore could not have understood that they could allow damages for a permanent injury which Mrs. Cass would have sustained if she had lived, but did not sustain because of her death. Again, Mrs. Cass suffered a fracture of the thigh bone in the joint. She endured much pain. A weight and a pulley were used to extend the limb, and this caused her much suffering. She was in bed and under medical treatment about three months, as the result of the injury. The verdict of $500 evidently did not include permanent injuries she might have suffered if she had not died.

The chief ground urged for a reversal is that the verdict was against the clear preponderance of the evidence. The record does not disclose the reason for setting aside the first verdict, but shows that the second and third verdicts were set aside on the ground that they were against the manifest weight of the evidence. Defendant urges us to follow the course pursued by those trial judges and declare the verdict not warranted by the proof. Plaintiff relies upon section 56 of the practice act which enacts that " no more than two new trials upon the same grounds shall be granted

to the same party in the same cause." Both parties concede that under that provision the power of the court below to grant a new trial because the verdict was contrary to the greater weight of the evidence had been exhausted. Plaintiff suggests that we can not consistently say the court below erred in obeying the statute, or in not granting a new trial on grounds which the statute forbids. It is, however, settled, that that statute, and a prior law of similar tenor, apply only to trial courts, and do not prevent reviewing courts from reversing a judgment founded on a third verdict not warranted by the proof, especially where there is a want of evidence to support the verdict rather than a mere conflict in the testimony. (Wolbrecht v. Baumgarten, 26 Ill. 291; Silsbe v. Lucas, 53 Ill. 479; Stanberry v. Moore, 56 Ill. 472; I. C. R. R. Co. v. Patterson, 93 Ill. 290; Town of DeSoto v. Buckles, 40 Ill. App. 85; Parmly v. Farrar, 67 Ill. App. 624; A., T. & S. F. R. R. Co. v. Alsdurf, 68 Ill. App. 149.)

The car in question had passed over a viaduct and down a sharp incline upon a curve. When it was about at the end of the curve, and the incline had become slight, it stopped to let off several passengers. It was an open summer car. The seats ran crosswise of the car, and passengers entered and alighted only from the side. A step ran along the side the length of the car. Mrs. Cass was the last to alight, her granddaughter, Grace Rosenfeld, having just preceded her. Mrs. Cass and Grace testified that Mrs. Cass got upon this foot-board, and was in the act of stepping from that to the ground, when the car moved or gave a sudden jerk, and she was thereby thrown to the ground and injured. These witnesses made a clear *prima facie* case for plaintiff. This is not a case, therefore, where the verdict has not the support of any substantial evidence. Defendant only claims that the great preponderance of the proof is that the car did not move as Mrs. Cass was stepping off. In considering this proof introduced by defendant it is important to bear in mind that it was not generally known at the time that Mrs. Cass was seriously injured.

The physician Mrs. Cass called attended her two weeks before he ascertained positively that she had sustained a fracture of the thigh bone in the joint. At the time Mrs. Cass was injured no one stated that the car had started or jerked, and that that motion had thrown her from the car step. That subject was not called to the attention of any one there at that time. The conductor testified it was a long time before he heard that Mrs. Cass claimed that was the way in which she was injured. It is evident that the question whether the car moved or jerked at that instant was not then in the minds of any of those who afterward became witnesses for defendant. Several witnesses testified for defendant that the car did not move from the time it first stopped at that place to let off passengers till after Mrs. Cass had been assisted into a building near by. Some of these witnesses saw her fall; others did not, but their attention was occupied in another direction. Some were paying no attention to what was going on. The cross-examination weakened the effect of some of the testimony. We have given this evidence careful attention and have read much of it in full in the record. Some of these witnesses testified they recollected the car did not start; others evidently meant that they did not think the car could have started without their noticing it and remembering it afterward. The reading of the entire testimony of the conductor and the motorman leads us to the conclusion that they did not testify from independent recollection, but, from their customary method of operating the car, reasoned that it could not have moved. There was proof of experiments made at that point after the curve had been changed and heavier rails laid, which were quite conclusive. In this condition of the proof, with ample testimony introduced by plaintiff to support the verdict, and after four juries have believed the witnesses who testify from what they claim to be positive knowledge, we do not feel warranted in holding that the verdict ought to be again set aside on the facts.

The judgment is therefore affirmed.