# Atchison, Topeka & Santa Fe Railroad Company v. John H. Alsdorf, Administrator of the Estate of Eugene C. Judd.

1. NEGLIGENCE—*Coupling Cars in the Night Time.*—The natural perils of a brakeman's duties in coupling cars dictate the exercise of prudence and caution in going between cars when he does so in the day-

A., T. & S. F. R. R. Co. v. Alsdorf.

time and after giving proper signals to the engineer; but to do so in the night without any warning or signal to the engineer is sheer recklessness.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Grundy County; the Hon. DORRANCE DIBELL, Judge, presiding; declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1894. Reversed and remanded. Opinion filed January 24, 1894.

S. C. STOUGH, attorney for appellant.

E. L. CLOVER, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit to recover damages on account of the death of Eugene C. Judd, who was killed while in the employ of appellant as a brakeman, was before this court on appeal at the December term, 1892. 47 Ill. App. 200.

The circumstances under which Judd lost his life are set forth in the opinion then filed, and as the evidence heard upon the trial had after the case was remanded is substantially the same as that heard upon the first trial, except that on this trial it was shown that the deceased was on the same side of the train as the rear brakeman, it is not necessary to repeat them.

Upon the last trial appellee recovered a judgment for $3,000, and from it appellant prosecutes this appeal.

Errors of the court in admitting improper testimony and in improperly instructing the jury are alleged, but we see nothing wrong with the rulings of the court in passing upon objections to evidence or instructions. The chief contention is that the verdict is against the evidence, and to that this opinion will be confined.

The negligence charged against appellant was in failing to have the spaces between the ties on the side track where Judd met his death filled in with dirt, so as to make the place smooth and safe for brakemen to stand on in coupling and uncoupling cars, and the use of old rails from the sides of which projected iron slivers, making it dangerous for brakemen to perform their duties.

It devolved upon appellee to show not only the defective condition of the track and rails mentioned, but that those conditions or some one of them, were productive of the accident. Judd was run over and killed by getting between two of the freight cars on the side track which the engine had gone up to take out. No one saw him enter between the cars and it is not known why he went there. He was found crushed and dead under the car. A proper inference from the proof is that he was killed by the wheels of the car when propelled violently against them by the engine, caboose and coal car. But whether he caught in an iron sliver or a rail and was tripped to the ground, stumbled over a projecting tie, or was knocked to the ground by the violence with which the car was propelled against him, is mere conjecture. There was evidence of the finding next morning of a small shred of cloth in a sliver near to where Judd was found dead, and that a piece had been torn from his right pants leg; but it was not shown that the shred had formed any part of the pants or was of the same cloth.

A careful examination of the evidence leads us to the conclusion that the death of Judd is due to his own negligence. The movements of the engine, at the time, were being controlled by the rear brakeman, Beard. Judd left the engine when on the main track opposite the way car, and it passed on east to the passing track switch. Beard turned this switch to let it in for the caboose and coal car, and from then until the accident controlled the movements of the engine. The night was dark. To go between the cars without any notice or signal to the engineer under the circumstances was, upon the part of Judd, sheer recklessness. The natural perils of a brakeman's duties in coupling cars dictates the exercise of prudence and caution in going between cars, when he does so in daylight and after giving proper signals to the engineer. But to do so in the night time without any warning or signal to the engineer, and at a time when the engineer is following the signals of another brakeman, falls far short of that exercise of care for one's own safety which the law requires.

The judgment is reversed and the cause remanded.