| 68 | 149 |
| 108 | 1475 |

## Atchison, T. and S. F. R. R. Co. v. John H. Alsdurf, Adm., etc.

1. NEW TRIALS—*The Statute in Regard to, Construed.*—The provision in the practice act that no more than two new trials upon the same grounds shall be granted to the same party in the same cause, applies only to trial courts and does not operate to restrict the power of courts of appeal to reverse judgments in the same case any number of times.

2. VERDICTS—*Against the Weight of the Evidence—Duty of a Court of Appeal.*—In a case where the verdict is clearly against the weight of the evidence, it is not only the right but the duty of a court of appeal, to reverse the judgment.

3. EVIDENCE—*Must Follow the Pleading—Absence of, can not be Supplied by Conjecture.*—In a suit against a railroad company for injuries caused by the defective condition of its track and rails, the plaintiff must prove by evidence the defective condition as described in the declaration and that such defect produced or caused the accident, and the absence of such proof can not be supplied by speculation and theory.

Trespass on the Case.—Death from negligent act. Error to the Circuit Court of Grundy County; the Hon. Charles Blanchard, Judge, presiding. Heard in this court at the May term, 1896. Reversed. Opinion filed December 9, 1896.

Robert Dunlap, S. C. Stough and Eldon J. Cassoday, attorneys for plaintiff in error; E. D. Kenna, of counsel.

E. S. Clover, attorney for defendant in error.

Mr. Justice Crabtree delivered the opinion of the Court.

This was an action on the case to recover damages sustained by the widow and next of kin of Eugene C. Judd, deceased, who was a brakeman in the employ of plaintiff in error, and was killed while working about one of its trains of cars at Mason, Ill., on November 12, 1890. There was a trial by jury resulting in a verdict and judgment in favor of defendant in error for $2,000.

The case has been before this court on two former occasions, and twice the judgment of the court below has been reversed. 47 Ill. App. 200; 56 Ill. App. 578.

The facts are substantially as stated in our first opinion as delivered by Justice Cartwright, with the exception noted by Justice Harker in the second opinion, viz.: It now appears that at the time that he came to his death deceased was on the same side of the train as the rear brakeman. It is unnecessary, therefore, to restate the facts, as the evidence upon the last trial was not materially different from what it was on the two former trials. On the last occasion when this case was before us, we reversed the judgment solely upon the ground that the verdict was against the evidence, and that is the principal reason now urged for a third reversal.

We feel constrained to hold that the point is well made and that the verdict upon the last trial is not warranted by the evidence. We are not unmindful of the fact that three juries have found the issues for defendant in error, upon substantially the same evidence, and it is insisted by his counsel that judgment in a cause will never be oftener than twice reversed, because the verdict is against the evidence.

We do not understand that there is any such rule of law. In the case of Stanberry v. Moore, 56 Ill. 472, it was held that the statute which provides that no more than two new trials shall be granted in the same case, has special application to suits in the Circuit Court, and does not operate to restrict the power of the Appellate Court in reversing judgments in the same case any number of times. And in that case a third verdict was set aside by the Supreme Court because it was not supported by the evidence. See also, Wolbrecht v. Baumgarten, 26 Ill. 291.

In the case of Ill. Cent. R. R. Co. v. Patterson, 93 Ill. 290, the same ruling was followed, and judgment based upon the verdict of a third jury was reversed, and the cause was not remanded.

In a case where the verdict is clearly against the weight of the evidence, it is not only our right, but our duty, to set it aside and reverse the judgment.

Upon the facts as shown by the evidence taken on the last trial, we see no reason for changing or modifying anything contained in our former opinions. It still remains that the cause of Judd's death is wholly a matter of speculation and conjecture. It may be that he stumbled and fell on account of the unballasted condition of the track; or it may be that his overalls caught upon a splinter in the rail and caused his fall. But this is mere theory, as to which there is no proof. Were this the only theory upon which the fall and death of the deceased could be reasonably based, we would not be inclined to reverse the judgment. But it is not; a number of theories may be set up which are equally as plausible, and just as liable to be the true one, as that relied upon by defendant in error. In the end he is obliged to say that the fall was caused either by the defective condition of the track, or the splinter on the rail, but which, he can not say, nor does the evidence disclose. It devolved upon defendant in error to prove, by evidence, the defective condition of the track and rails as described in the declaration, and also that such defect produced or caused the accident. The plaintiff's case must be proved as laid in

the declaration, and the absence of proof can not be supplied by speculation and theory.

In the case of Phil. & Reading R. Co. v. Schertle, 97 Pa. St. 450 (S. C., 2 Am. & Eng. R. C. 158), a brakeman was injured while attempting to couple a car to the tender of an engine, because, as alleged, the steps were imperfect in number and construction, and the spaces between the ties and sills were unfilled, so that the road bed was rough and uneven and full of pits and holes. In deciding the case the court say: "As to how he fell or the cause of his falling, there is not a word of evidence. The theory of the plaintiffs was that his falling was occasioned either by reason of the roughness or inequalities of the track, or in an attempt to get on the tank; the allegation being that the step was defective, and that he missed his footing because of such defect. It appeared that the track, at the particular point where the accident occurred, was in the course of being repaired; that it had been raised a few inches, and the space between the ties had not been ballasted or filled in.   *   * There was not, however, as before stated, a particle of proof that either the track or the step had anything to do with his death. For aught that appeared, he may have fallen in a fit, or from some cause wholly disconnected with either.

The case was submitted to the jury without evidence, and the verdict has no better foundation than a guess, or at most mere possibilities. This will not do."

To the same effect are the following cases: Southern Pacific R. Co. v. Johnson, 69 Fed. Rep. 559; Manning v. C. & W. M. R. Co., 63 N. W. 312; Sorensen v. Menasha Paper & Pulp Co., 56 Wis. 338.

Many other cases might be cited to the same effect, but we deem it unnecessary.

The language used by the courts in some of the cases above cited, is entirely applicable to the case at bar. As we said in a former opinion (56 App. 580), "No one saw him (the deceased) enter between the cars, and it is not known why he went there. He was found crushed and dead under the car. A proper inference from the proof is, that he was

killed by the wheels of the car, when propelled violently against him by the engine, caboose and coal car. But whether he caught in an iron sliver or rail and was tripped to the ground, stumbled over a projecting tie, or was knocked to the ground by the violence with which the car was propelled against him, is mere conjecture." Now if we go into the realms of conjecture we may suppose that deceased, in passing between the cars, stumbled and fell over the rail or was taken with a sudden vertigo or dizziness, and thus fell, or that he was from any other cause rendered incapable of taking proper care of himself at the moment; but, as we have seen, that will not do; to entitle the plaintiff to recover, he must not only show the negligence of the defendant, but that the negligence charged caused the injury. We think this has not been done in this case.

As was said in the case of Sorensen, Adm'r, v. Menasha P. & P. Co., *supra:* "From all that appears in the evidence, it was a mere accident and unaccountable."

We are still of the opinion, also, that the evidence entirely fails to show that deceased was in the exercise of due care for his own safety at the time he was killed. ·

No one saw him struck, nor was any one near him at the time of the accident. Under these circumstances it was proper to receive evidence concerning the character and habits of deceased as to the exercise of care for his own safety, and such testimony was introduced; one witness says "he was sober, active and very cautious in the discharge of his duties." While this may have been true of him in general, it seems to us that at the time of his death he showed such an utter disregard for his own safety as entirely precludes the right of recovery.

According to the theory of counsel for defendant in error, the deceased went between the cars either to couple them together or to ascertain whether they were already coupled. The night was dark, yet he set his lantern on the end of a tie and went between the cars, without any notice or signal to the engineer, who was operating the engine, or to the rear brakeman, who was controlling the movement of the engineer by signals to him, and in some manner got under

the wheels and was killed. Even though witnesses may swear that such action was according to the usual course and custom of doing that kind of work, it seems to us, as a matter of ordinary common sense, it was highly dangerous, and we fail to find in the evidence anything to show its necessity. Without unnecessarily extending the length of this opinion, we think the judgment must be reversed for the two reasons, that the evidence does not show that the alleged negligence complained of caused the injury, and that the deceased came to his death by his own want of due care. Inasmuch as the defendant in error, after three trials, has been unable to establish a cause of action upon the facts, the case will not be remanded.

FINDING OF FACTS TO BE MADE A PART OF THE JUDGMENT.

" We find that deceased came to his death from some accident the cause of which is not shown by the evidence.

That the deceased did not receive the injury which caused his death by any fault or negligence of the plaintiff in error.

We further find as a fact that the deceased was, at the time of his death, guilty of such a want of ordinary care for his own safety as to be responsible for his own death, and that but for such want of ordinary care he would not have been killed."