**John Steffen, Administrator, Plaintiff in Error, v. Illinois Steel Company, Defendant in Error.**

Gen. No. 13,910.

1. MASTER AND SERVANT—*what essential to recovery where slippery condition of floor is charged.* Before a servant can recover because of an injury claimed as resulting from the slippery con-

dition of the floor upon which he was working, he must prove, first, that the condition of such floor was due to the negligence of his master, and, second, that his injury proximately resulted therefrom.

2. MASTER AND SERVANT—*when doctrine of assumed risk applies.* A servant assumes the risk of a slippery condition of the floor upon which he is working, where he has had full opportunity to observe and know such condition, and has continued in the employ of his master, using such floor for a considerable period without complaint.

Action in case for death caused by alleged wrongful act. Error to the Circuit Court of Cook county; the Hon. EDWARD O. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed April 17, 1908.

PEASE, SMIETANKA & POLKEY, for plaintiff in error.

KNAPP, HAYNIE & CAMPBELL and WILLIAM BEYE, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

On the trial of an action brought by the plaintiff in error against defendant in error for wrongfully causing the death of plaintiff's intestate, the court, at the close of the evidence for the plaintiff, directed a verdict for the defendant and entered judgment thereon, to reverse which judgment this writ of error is prosecuted.

Plaintiff's intestate had been for three weeks before his death employed as an oiler in a rolling mill of the defendant. It was his duty to oil the machinery, and also, two or three times a week, to put tar on the gear wheels.

There were in the mill two parallel lines of shafting: a power shaft so let into the floor of the room that about half of its diameter was above the level of the floor, and a line shaft which was about three and a half feet above the floor. Power was communicated from the power shaft to the line shaft by means of a spur wheel on each shaft and an intermediate spur wheel into which each of the other spur wheels

meshed. To carry the bearing of the power shaft and the bearings of the intermediate spur wheel there was a double, or "two step" bracket. To furnish space for the spur wheel on the power shaft to revolve in, a pit sixteen inches deep was made in which the bracket was placed. The space in the pit between the north side of the pit and the north face of the bracket was eighteen inches wide. The rolls were placed at right angles with the line shaft, and power was communicated to each roll by a beveled gear wheel eighteen inches in diameter at the end of the roll which meshed into a similar wheel on the line shaft.

Plaintiff's intestate began work at six o'clock in the evening. About seven o'clock he was seen going south, oiling the machinery. Sperry, the person who last saw deceased before the accident, testified that he last noticed him oiling the fourth or fifth roll of said pit; that a second or two later he saw a pair of feet in the air; that he took steps to stop the machinery, ran to the pit and found plaintiff's intestate in the pit dead. He testified to facts tending to show that deceased came to his death by falling into the beveled gearing of the first roll north of the bracket.

It is not contended that deceased did not assume the risk of injury from exposed cog wheels. The contention of the plaintiff in error is, that the floor near the edge of the pit was slippery; that the question whether the defendant was negligent in permitting the floor to become and remain in such condition, was a question for the jury, as was the question whether the deceased was guilty of contributory negligence.

The evidence shows that by the operation of the mill, oil and tar were thrown from the gearing on the floor, and also scale from the iron or steel as it passed through the rolls. Sperry, the only witness who testified as to the condition of the floor, testified in chief that "the condition was pretty fair, of course the same as in any of the factories; when oil is spilled it lies on the floor, and the rolls certainly throw some

scale; there was a little oil spilled all over." On cross-examination he testified that "the tendency of scale on the floor was to make the floor a little rough, and sometimes it would tend to keep a man from slipping;" that he had seen smooth scale and rough scale; that the night of the accident the scale was in small pieces like cinders, sand or gravel, and that makes it rough.

We do not think that from the evidence the jury could properly find that the defendant was guilty of negligence in respect to the condition of the floor. Nor do we think that from the evidence the jury could properly find that defendant slipped and fell into the gears because of the condition of the floor. If, for the sake of the argument, it be conceded that the jury might find from the evidence that the floor was in a slippery condition, and that permitting it to be in such condition constituted and was negligence on the part of the defendant, it is not enough that the evidence show such condition may have caused deceased to slip and fall into the gears. Men fall from other causes than slipping upon a slippery floor. In this case plaintiff may, through failure to look before him, have stepped into the pit, or fallen from other causes into the gears. To entitle the plaintiff to a verdict he was bound to prove not only the negligence charged of the defendant, but that such negligence caused the death of his intestate. Burke v. Hulett, 216 Ill. 545; A., T. & S. F. Ry. Co. v. Alsdurf, 68 Ill. App. 149; Patton v. Tex. & Pac. Ry. Co., 179 U. S. 659.

But for still another reason a verdict for the jury was properly directed. The evidence shows that the floor was in the same condition on the night of the accident that it had been during the three weeks that deceased was employed as oiler in the mill. Deceased had full opportunity to observe and know the condition of the floor, and he, without complaint, continued in the service and must be held to have assumed the risk. Republic Iron Co. v. Lee, 227 Ill. 246; E., J. & E. Ry. Co.

v. Meyer, 226 *id.* 358; McCormick Harvester Co. v. Zakzewski, 220 *id.* 522; Montgomery Coal Co. v. Barringer, 218 *id.* 327; Browne v. Siegel, Cooper & Co., 191 *id.* 220.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*