62 543
72 634

## ORVILLE E. ELLSMORE v. HENRY GAMBLE.

*Contract—To find purchaser of land—For all agent could get above fixed price—Action on common counts for such excess—With bill of particulars fixing claim accordingly—Judgment for such excess and interest affirmed—One who determines action of purchaser secures the purchase —This can be done by representations of fact—And by reasoning and persuasion—Charge to jury in such a case—That the question was whether the solicitations and representations of agent in regard to the land determined action of purchaser—Held sufficient.*

Defendant agreed to give to plaintiff all he could get over $100,000, if he could find a purchaser for a tract of land owned by defendant, and with which plaintiff was well acquainted from former examinations. A sale was made through plaintiff's intervention for $105,000, and plaintiff sued defendant on a common-count declaration, containing a count for commissions earned in selling lands for defendant, accompanied with a bill of particulars claiming as due plaintiff $5,000 for his services. [1]

*Held,* that any one who determines the *action* of a purchaser *secures* the purchase, and this can be done *both* by representations of fact and by *reasoning* and *persuasion*; and that an instruction to the jury, that the question for their consideration was whether the solicitations and representations of plaintiff in regard to the land *determined* the purchasers whether they would *purchase* or not, was sufficient.

Error to Saginaw. (Gage, J.) Argued July 14, 1886. Decided July 21, 1886.

Assumpsit. Defendant brings error. Affirmed. The facts are summarized in the head-note.

*Tarsney & Weadock,* for appellant:

———

[1] See *Hamilton v. Frothingham,* 59 Mich. 253.

Before plaintiff could recover under his declaration. he must establish that the special contract testified to is one that comes within the rule which permits recovery upon a special contract under the common counts for money shown to be due on such contract: *Butterfield v. Seligman*, 17 Mich. 95; *Begole v. McKenzie*, 26 Id. 470; *Pierson v. Spaulding*, 61 Id. 90.

*Wisner & Draper*, for plaintiff:

The charge of the court very clearly submitted to the jury the questions of fact at issue between the parties, and correctly (at least as far as defendant is concerned) stated the law applicable to the facts as claimed by the parties: *McCreery v. Green*, 38 Mich. 172; *Fox v. Rouse*, 47 Id. 558; *Lincoln v. McClatchie*, 36 Conn. 136; *Stewart v. Mather*, 32 Wis. 344; *Earp v. Cummins*, 54 Penn. St. 394.

CAMPBELL, C. J.   Ellsmore sued Gamble and recovered judgment for compensation for services in a land sale. Gamble had a tract of land for sale which plaintiff had, from former examination, become well acquainted with, and, as he claims, Gamble agreed, if he found a purchaser, to give him all he could get over $100,000.   A sale was made, through plaintiff's intervention, for $105,000, to Sibley & Bearinger.

All of the material questions arise out of the submission and instructions to the jury.   Two minor questions of evidence relate to a part of the *res gestœ*, and are not worth noticing.

The controversy all turned on the part plaintiff took in bringing about the sale.   Defendant asked the court to charge that unless the information given Mr. Bearinger by the plaintiff was the controlling cause of the purchase, plaintiff could not recover.   The court, when this charge was asked, said, and repeated twice, that he considered the charge which he had given was equivalent to this request; that the question was whether the solicitations and representations made by plaintiff in regard to the land determined Sibley & Bearinger whether they would purchase or not. This idea was clearly presented to the jury.

In our opinion there was no ground for finding fault with this ruling, apart from the explanation of the court that it was meant to convey the idea of defendant's counsel. Any one who determines the action of the purchaser secures the purchase. There is no reason for saying that this can only be done by representations of fact, for persuasion is sometimes accomplished by reasoning more than by new information. In the present case it was shown that the result was actually reached chiefly through information, and there was no ground for reasonable dispute concerning the influence of plaintiff in securing it. The charge was not unfavorable to defendant.

It is also alleged as error that the court erred in permitting plaintiff to recover, and charging the jury that he could recover on a special contract whereby he was to have all over $100,000 for which he could sell defendant's land.

It was difficult to learn from the record what was meant by this assignment, as the only question presented to the jury was based on the particular agreement, and not only was nothing done to call the attention of the court to anything else, but a special request was made for a charge that there could be no recovery unless the minds of the parties met on the matter, and this was given.

It is now urged that during the trial the counself or plaintiff asserted that he did not rely upon a special contract, and therefore that the contract should have been left out of view.

The course of the trial indicates very clearly that the only issue really tried at all was upon the making of the contract in question, and that it could not have been understood that anything said by counsel meant that this issue was not to be tried. The only evidence of the value of such services placed it at a higher rate than was recovered, so that it could not have changed the result favorably for defendant. But it is evident no one put upon what was said the meaning now laid upon it.

The judgment must be affirmed, with costs.

The other Justices concurred.