## Henry C. Parker

v.

## Morton B. Hull, Assignee, etc.

*Assignments—Claim of Ex-employe.*

1. An assignee succeeds to all the rights and liabilities of the assignor. What the assignor was obligated to pay can not be denied by the assignee: he acquires no exemption from the obligations of the assignor which the latter did not possess at the time of the assignment. The mere act of assignment does not relieve the assignor from the duty of paying its debts and liabilities, and no more is the assignee relieved thereby. The Assignment Act merely provides a means for the equitable and

*pro rata* distribution of the assets of the insolvent among his creditors, without favor or preference.

2. Upon a claim filed by an ex-employe against the insolvent estate of his employer in the hands of an assignee, the same being based upon a contract for service in full force at the time of the assignment, this court holds that the true test in determining the right of claimant to share in the assets, is as to whether the liability to him was one based on a right or obligation existing at the time the assignment was made. That the mere fact that the extent of the obligation was not then determinable can not defeat the obligation itself, subsequent employment fixing the amount to which he was entitled for non-performance; that the court below erred in dismissing the claim in question, and that its judgment must be reversed.

[Opinion filed December 14, 1892.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Mr. CHARLES E. POPE, for appellant.

The question upon which the decision in this case turns is as to whether or not the appellant is entitled to relief under Secs. 10 and 13 of the act concerning insolvent debtors (Starr & C. Ill. Stats. Secs. 46 and 49, Chap. 72). These sections have been construed by the Supreme Court in Suppiger v. Gruaz, 137 Ill. 216; S. C., 36 Ill. App. 60.

By that decision persons having liabilities, whether contingent or not, are entitled to share in the assets of the insolvent estate.

The court says in its opinion, page 221: "The defendant in error, at the time of the assignment, did not have a debt, but there was a liability. True, the liability was a contingent one, but nevertheless it was a liability, and as such, by the language of the section, entitled to a share in the assets."

The Supreme Court in the same decision decides that Sec. 10 of the act "evidently has reference to existing creditors, and not to such persons as may in a contingency afterward become creditors. The act contains no provision barring those who may become creditors after the expiration of the three months' notice, and we are not inclined to

extend a statute of limitations to cases which do not seem to fall within its terms."

This decision is in harmony with the spirit of the decision by this court in Wolverton v. Taylor, 30 Ill. App. 70–77.

It is also in harmony with the decision of the Supreme Court in Wood v. Clark, 121 Ill. 359, 366, in which it is decided that a debtor may prefer or secure the contingent liability of a surety.

That appellant has presented his claim as I have said, in apt time, is by stipulation in the case conceded.

The sole point is as to whether or not appellant has a contingent liability, or is a creditor, within the meaning and intent of the insolvent act, and is entitled to share in the assets of the estate.

This court seems to have had in mind such a state of facts as this record shows in Smith v. Goodman, 43 Ill. App. 530, because in that case the court expressly says that it does not decide whether or not appellant could have obtained relief under said Sec. 10.

That a person to whom another is liable, though contingently, is a creditor, is well settled.   Choteau v. Jones, 11 Ill. 300; Hatfield v. Merod, 82 Ill. 113; Dunphy v. Gorman, 29 Ill. App. 132, 135–6; Da Costa v. Guire, 7 S. & R. 461; Foote v. Cobb, 18 Ala. 585; Halsey v. Fairbanks & Whitney, 4 Mason, 206, 231 (opinion by Story J.); Burrill on Assignments, Sec. 113.

The execution of the contract and terms of the employment being shown, readiness to perform and wrongful discharge being shown, the cause of action arises which will entitle appellant to some damages.   Subsequent employment and receipt of salary or contract to recover being shown, does not constitute a defense, but is to be taken into consideration in mitigation of damages.   Williams v. Chicago Coal Co., *supra*, 149, 156; Mt. Hope Ia. Assoc. v. Weidenmann, *supra*, 67, 77, School Directors v. Crews, 23 Ill. App. 367; 2 Sedgwick on Damages, Sec. 665–6 (8th Ed.).

The burden of showing what the appellant did earn or could have earned is thrown upon the appellee.   Williams

v. Coal Co., *supra;* Fuller v. Little, 61 Ill. 21; School Directors v. Crews, 23 Ill. App. 367, 369; Brown v. Board of Education, 29 Ill. App. 572, 574; Howard v. Daly, 61 N. Y. 362; Barker v. Knickerbocker L. Duo. Co., 24 Wis. 630; Everson v. Powers, 89 N. Y. 527 (44 Sickels); Sedgwick on Damages, 2d Vol., Sec. 667 (8th Ed.).

The breach of the contract is one thing; the measure of damages is another thing altogether. A right of action accrued when, by the assignment being made, appellant was discharged.

That the contract price stipulated for, is to be considered as the measure of damages for breaking a contract (less, of course, what appellant will receive from other employment), is well settled.

The Illinois courts follow the leading case on this subject of Masterton v. The Mayor, 7 Hill, 61; Mt. Hope Cem. Assoc., *supra,* 67, 78; Van Arman v. Bvington, 38 Ill. 443, 448; Williams v. Chicago Coal Co., 60 Ill. 149; Trustees v. Shaffer, 63 Ill. 243; Brown v. Board of Education, 29 Ill. App. 572, 574; School Directors v. Crews, 23 Ill. App. 367–369; Brigham v. Hawley, 17 Ill. 38; McClelland v. Snider, 18 Ill. 58; Springdale C. Ass'n v. Smith, 24 Ill. 480; Evans v. C. & R. I. R. R. Co., 26 Ill. 189; Chicago v. Sexton, 115 Ill. 230; Sedgwick on Damages, 2 Vol., Secs. 664, 613 (8th Ed.).

The point made by appellee that the damages are conjectural and contingent and can not be recovered, is without merit.

The true-rule is laid down in Sedgwick on Damages, Sec. 192, Vol 1. (8th Ed.).

Messrs. H. H. C. MILLER, WALTER S. HOLDEN and W. S. OPPENHEIM, for the assignee.

First. The claim is one for damages for breach of a contract for personal services. It is a well established principle of law that the death or the permanent sickness or disability of either party dissolves a contract for personal services. People v. Ins. Co., 91 N. Y. 174; Steel v. Buck, 61 Ill. 344; Wolf v. Hawes, 24 Barbour, 74; Wood, Master & Servant, Sec. 160.

It is held in some cases that the voluntary assignment of a corporation is, for some purposes, to be considered as the dissolution of the corporation. Slee v. Bloom, 19 Johnson (N. Y.), 456; Abbott v. Hard Rubber Co., 33 Barbour, 578; Com. v. Bank of Brest, Har. Ch. Mich. 106; People v. Bank of Hudson, 6 Cowan, 219.

The affairs of this company are being legally wound up with a view to its final dissolution, and even if not finally dissolved, its affairs will remain in the County Court until after the expiration of the term of appellant's contract, and the above rule should apply to this case.

Second. The intention of the legislature which enacted our statute on voluntary assignments was to provide a way by which an insolvent debtor might fairly divide his estate among his creditors existing at the time of the assignment : those having debts due or not due; those whose claims were fixed and certain, and those whose claims were contingent; but it is a wrong to such creditors to allow one to participate in the dividends whose claim comes into existence after the act of assignment. The damage that may be sustained during the eleven months after this assignment was made can not be charged against the assets in the hands of the assignee. In re Willis, 18 N. Y. Sup. 412; In re Link, 14 Daly, 148; In re Adams, 12 Daly, 454; Same case, 15 Abbott (N. C.), 61; Burrill on Assignments, Sec. 680.

Mr. Justice Shepard. In August, 1891, the St. John & Marsh Company, a corporation, executed a deed of assignment for the benefit of its creditors, to the appellee, which deed was duly filed in the County Court of this county, having jurisdiction in assignment proceedings. Appellant afterward, and in February, 1892, filed his claim against the insolvent estate, together with his verified statement thereof. Said statement was as follows:

" Notice is hereby given that Henry C. Parker claims from the assigned estate of the St. John & Marsh Company, and from its assignee, the sum of $1,375. Said claim is based upon the following facts: The St. John & Marsh

Company, on or about January 1, 1891, entered into a written contract with this claimant by which the said company agreed to employ this claimant as its general agent and manager at Denver, Colorado, for two years from said date, at a salary of $4,500 per year, or $375 per month. Such contract was broken by the assignment to M. B. Hull by said company. This claimant has been employed by the assignee up to February 1, 1892. Since the breach of said contract by the assignment of said company as aforesaid, this claimant has been diligently seeking other employment, and after such diligent efforts has entered into an agreement with the North Pacific Lumber Company of Salt Lake City, Utah, by written contract, by which said last named company has employed this claimant for one year, from February 1, 1892, at a salary of $3,000, or $250 per month, which is the best and most advantageous contract which claimant could make. The claimant therefore claims that he is entitled to damages for the breach of his contract with the St. John & Marsh Company, said damages being the amount of his salary under said contract for eleven months, from February 1, 1892, to January 1, 1893, at the rate of $375 per month, or $4,125.

"Less a credit of the amount of salary to be received by him from said North Pacific Lumber Company for the same period; viz., eleven months, at $250 per month, or $2,750.

"The amount of this claim being in all $1,375, as above stated.

"This claimant further shows that he submits in connection herewith his original contracts with both said companies, in order that the same may be inspected by the court (they having been already inspected by the assignee), and in order that certified copies thereof may be taken and filed with this claim. And further this claimant states that the reason why this claim has not been presented at an earlier day, is that he has been unable hitherto to fix the amount of his damage, because he has been seeking other employment as above set forth, and the results of such efforts were uncertain, and because such employment

Parker v. Hull.

has only recently been obtained by him, and also because the duration of his employment with the assignee has been uncertain, so that the amount of his damage could not be stated until recently, and long after the 13th day of November, 1891."

It was stipulated that said statement should be received and considered in evidence with the same force and effect as a deposition, the allegations therein being conceded to be true, and that the said claim was presented in apt time; all objection on that score being waived. Said statement and the contracts referred to therein, constituted all the evidence offered and heard by the court.

The assignee objected to the allowance of said claim on the ground that the claimant, appellant, was not entitled to share in the assets of said insolvent estate, and the County Court refused to allow the claim, and dismissed the same on the ground urged in said objection. The question thus presented is one purely of law.

The right of a creditor whose claim is not due but is to become due, to share in the assets of the estate in insolvency, is secured by Sec. 10 of the Assignment Act. Sec. 13 of the same act, provides that "all debts and liabilities within the provisions of the assignment shall be paid *pro rata* from the assets thereof."

The contract between the parties. created a mutual obligation and liability. The act of assignment was the voluntary act of the corporation, and the assignee succeeded to all the rights and liabilities of the assignor. Whatever the corporation was obligated to pay, could not be denied by the assignee. He acquired no exemption from the obligations of the assignor, which the latter did not possess at the time of the assignment. The mere act of assignment did not relieve the corporation from the duty of paying its debts and liabilities, and no more was the assignee relieved thereby. The statute merely provides a means for the equitable and *pro rata* distribution of the assets of the insolvent among its creditors without favor or preference.

It is not necessary to decide that the assignee was bound

to continue the employment of the appellant, for no demand for continued employment is made. The question is one merely of a liability which has become fixed, on a contract which the act of the corporation alone has rendered incapable of reasonable performance. The liability was created when the contract was entered into, and no subsequent act of the corporation, short of performance, could put an end to it.

The act of assignment did not terminate the liability, although it may have fixed the right of action for a failure to perform the contract. Appellant might undoubtedly have elected to have terminated the liability when the assignment was made, or he might have exercised his right, as he could have done in the case of any other discharge from employment for a cause without his fault, and recover, as he is seeking to do, for nonfulfillment of the contract by the corporation.

The case of Suppiger v. Gruaz, 137 Ill. 216, involved the question of whether, in a case where no debt existed at the time of the assignment, but only a contingent liability dependent upon a recovery in a pending action; and it was there said, that in the event of a recovery, the person recovering " would become a creditor;" and it was held that " the defendant in error (who was the person that recovered) at the time of the assignment, did not have a debt, but there was a liability. True, the liability was a contingent one, but nevertheless it was a liability, and as such, by the language of the section, entitled to a share in the assets."

The true test, in our opinion, in determining the right of appellant to share in the assets, is as to whether the liability to him was one based on a right or obligation existing at the time the assignment was made. Burrill on Assignments, Sec. 115, and cases there cited. The mere fact that the extent of the obligation was not then determinable, can not in reason, defeat the obligation itself.

The contract between appellant and the corporation was entered into long before the assignment was made, and was in full force at the time of the assignment. It was definite

and certain, and as soon as appellant obtained the other employment mentioned in the statement of his claim, the amount to which he was entitled for non-performance became fixed.

We think the County Court erred in dismissing the claim, and the judgment of that court will therefore be reversed with directions to allow appellant's claim for the sum of $1,375.

*Judgment reversed.*