SAMUEL P. PARMLY

*v.*

J. HAMILTON FARRAR.

</div>

*Opinion filed November 8, 1897—Rehearing denied December 14, 1897.*

1. INSTRUCTIONS—*instructions must be accurate where evidence preponderates against verdict.* Where the evidence preponderates in favor of the party against whom a verdict was returned, it is important, in order to sustain the verdict, that the instructions upon the material questions be accurate.

2. PLEADING—*recovery on express contract can be had under common counts only when contract is executed.* One relying solely upon an express contract can recover thereon under the common counts only by proving a full performance of the contract upon his part.

MAGRUDER, J., dissenting.

*Parmly* v. *Farrar*, 67 Ill. App. 624, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

HECKMAN & ELSDON, for appellant.

GEORGE W. PLUMMER, WHARTON PLUMMER, and W. I. CULVER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit, brought by J. H. Farrar, a real estate broker, against Samuel P. Parmly, to recover the sum of $5000, commissions agreed to be paid, as is alleged, Farrar by Parmly, for procuring the sale of the Boone Block, in Chicago, to W. D. Walker. Three trials were had, the first resulting in a verdict for $3000 and the second in a verdict for $2500. New trials were granted in each of these. The third trial resulted in a verdict for $5000, the amount claimed by plaintiff, and judgment was rendered thereon, from which defendant appealed to the Appellate Court, where the judgment was affirmed, and he has appealed to this court.

The declaration contained the common counts, to which the defendant pleaded the general issue. The trial court, in denying a motion for a new trial, gave its reasons for so doing, and incorporated the grounds upon which it predicated the judgment in the bill of exceptions, as follows: "And the court, in denying the said motion for a new trial, although stating the preponderance of the evidence was with the defendant, based its refusal on the ground that two verdicts had already been rendered for plaintiff and that there must be an end of litigation." In the Appellate Court, although the judgment of the Superior Court was affirmed, the action of the members of the court was not entirely harmonious, each member of the court giving a separate opinion for the judgment.

Much of the argument has been devoted to a discussion of the evidence introduced by the respective parties in the Superior Court, but as we are precluded from passing upon questions of fact it will not be necessary to allude to that branch of the .case. It may, however, be remarked, where it is apparent, as was the case here, that the evidence preponderates in favor of the party against whom the jury returned a verdict, it is important, in order that the rights of the parties should be preserved, that the instructions to the jury should be accurate on the material questions involved in the case.

It will be observed that this action was not brought to recover the value of services rendered, on a *quantum meruit*, but, on the other hand, the action was brought to recover $5000, commissions claimed to have been earned under an express oral contract for the sale of certain real estate. The claim is, that the contract had been fully performed by plaintiff, the commissions ($5000) earned, and a recovery could be had under the common counts. No evidence was introduced proving, or tending to prove, that plaintiff had performed services for the defendant and what those services were reasonably worth, but the plaintiff, in his evidence, relied solely on a contract, and in the argument of counsel for appellee the same position is taken. It is there said: "There never was any question of a *quantum meruit*, or of any abandonment of the claim for $5000 commission. The mere fact that Parmly and Walker, as Parmly tries to establish, made the exchange for $245,000 or less would not drive the appellee to prove a *quantum meruit* on that sum. Farrar had carried out his contract; had procured a purchaser for the Boone Block upon the terms fixed by Parmly, or upon terms subsequently fixed by Walker and Parmly, and thereby earned and was entitled to the commission agreed upon,—$5000. Farrar was suing upon an executed contract, and the suit was properly brought upon the common counts."

Under the pleadings, and the evidence introduced to support the issue made by the pleadings, the defendant requested the court to give the following instruction:

· "The jury are instructed, as a matter of law, that the plaintiff cannot recover under the declaration in this case, unless he has shown, by a preponderance of all the evidence in the case, a contract fully performed on his part."

The court refused the instruction, and no other involving the same principle was given. In *Eggleston* v. *Buck*, 24 Ill. 262, in discussing the question whether a recovery might be had on a special contract under the common counts, the court said (p. 264): "The rule is, wherever the terms of a special agreement or bargain have been performed, so as to leave a mere simple debt or duty between the parties, the plaintiff may proceed on the common counts." Many authorities sustaining the rule declared by the court are cited in the opinion. The plaintiff, having relied solely upon a contract, could only recover under the common counts by proving full performance of the contract on his part. The instruction contained a correct proposition of law, and no reason is perceived why it should not have been given.

We think the court erred in refusing the above instruction, and for that error the judgments of the Appellate and Superior Courts will be reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE MAGRUDER: I think the judgments of the lower courts in this case ought to be affirmed for the reasons set forth in the opinion of Mr. Justice SHEPARD as found in *Parmly* v. *Farrar*, 67 Ill. App. 624.