## Second Borrowers and Investors Building Ass'n v. William M. Cochrane, Assignee, et al.

1. EVIDENCE—*Entries in Books of Account.*—The entries made by a party in books of account kept by him or under his supervision, are competent as admissions.

2. SAME.—*Admissions Against Interest.*—It is always competent to

30    APPELLATE COURTS OF ILLINOIS.

VOL. 103.] Second Borrowers & Investors Building Ass'n v. Cochrane.

prove admissions of a party in interest to his prejudice, where they relate to a matter material to an issue being tried, and that without previously examining him in relation to such admissions.

3. SAME—*Entries in Official's Books.*—The entries made by an official in the books of account kept by him as a part of his official duties are competent evidence against him of the receipt of the funds there stated.

4. INSOLVENCY—*Position of Assignee.*—The assignee simply stands in the shoes of the insolvent; he possesses no superior rights. An assignee succeeds to all the rights and obligations of the assignor; what the assignor was obliged to pay can not be denied by him; he acquires no exemption from the obligation of the assignor which the latter did not possess at the time of the assignment. The mere act of assignment does not relieve the assignor from the duty of paying his debts and liabilities, and no more is the assignee relieved thereby.

**Appeal from an Order Disallowing Claims Against Insolvent Estate.**—Appeal from the County Court of Will County; the Hon. A. O. MARSHALL, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

HILL, HAVEN & HILL, attorneys for appellant.

DANIEL F. HIGGINS and COWING & YOUNG, attorneys for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal prosecuted from an order and decree of the County Court of Will County, entered February 13, 1902, dismissing and disallowing the claim of Second Borrowers and Investors Building Association, filed against the estate of Harry F. Cagwin, an insolvent. Cagwin for many years was the secretary of appellant, Second Borrowers and Investors Building Association, of Joliet, Illinois.

On January 10, 1898, a custodian was appointed for that association by the state auditor, and on the same day Cagwin executed and filed, pursuant to the insolvent laws of this State, his deed of assignment of all his property and estate to appellee, William M. Cochrane, who thereafter qualified and entered upon the discharge of his duties as such assignee. Notice was duly published for the filing of claims, and thereafter, and on May 7, 1898, said assignee

filed in said County Court his report of claims filed with him pursuant to said notice and within the time there limited and provided by law. Said report showed, among other claims filed, that of appellant in the sum of $10,816.51, the amount alleged to be due said association from said Harry F. Cagwin, as ex-secretary thereof; and those of Bertha A. Camp, for $252.04, Carrie M. Mack for $187.20, and William M. Cochrane, trustee, for $3,799.35.

After the filing of said report, Bertha A. Camp, Carrie M. Mack and William M. Cochrane, trustee, filed exceptions to said claim and gave bond for costs as provided by law. Thereafter at the February term, 1902, the claim of appellant and the exceptions thereto were heard by the court. Proofs were offered in support of the claim, and at their close a motion was entered by the objecting creditors and said assignee to exclude all books and documentary evidence offered by appellant, which had been received subject to objection, and to dismiss the claim. The court sustained both motions, and, as before stated, entered an order dismissing the claim. To reverse that order this appeal is prosecuted. The Second Borrowers and Investors Building Association was organized under the general laws of the State of Illinois. It was first organized at Peoria, Illinois, as the Borrowers and Investors Building Association, of Peoria, Illinois, and afterward transferred to Joliet, Illinois, where the name was changed to Second Borrowers and Investors Building Association of Joliet, Illinois. Soon after or at the time of its removal to Joliet, and on April 8, 1892, Cagwin was elected secretary, and was re-elected as such year by year, and continued to act as such up to January 10, 1898, when, as before stated, Daniel F. Higgins was appointed custodian. Thereafter, and on February 14, 1898, the stockholders of said association decided to go into voluntary liquidation in the manner provided by law, and duly appointed William C. Barber as liquidator, to wind up the affairs of the association, giving him full and ample authority for that purpose. After the organization of appellant, by-laws were duly adopted by it. Sec-

32    APPELLATE COURTS OF ILLINOIS.

VOL. 103.] Second Borrowers & Investors Building Ass'n v. Cochrane.

tion 2, article III of said by-laws, prescribes the duties of the secretary as follows:

" The secretary shall keep correct minutes of all meetings of the board of directors and of the association; receive all moneys paid to the association; keep a faithful account thereof with each stockholder, and pay all moneys received to the treasurer; report the condition of the treasury at each stated meeting of the board; render a full and detailed statement of the operations of the association at each annual meeting of the association, and perform all other duties incident to the office."

The affairs of the association appear to have been practically run by Cagwin as secretary. He received and collected all moneys due and owing to the association, but instead of turning such money and funds over to the treasurer of the association, as provided by the by-laws, retained them in his own hands, paying them out on such claims or orders as might be drawn against them by himself and the president. The treasurer, Mr. William G. Wilcox, never received or handled a single dollar of the funds of the association, and was practically ignored in the affairs of the association, except on one occasion, when his signature to a report was desired.

Cagwin was sole proprietor of the Joliet City Bank, and as such had been conducting a general banking business in the city of Joliet for some seven or eight years prior to January 10, 1898. Its place of business was at No. 122 Jefferson street, Joliet. The office of the association was at the same place. The funds of the association were deposited by the secretary with himself as banker, under the name of the Joliet City Bank. Books of account were kept by Cagwin as secretary of the association and as banker. There is no question but that said books are mechanically correct and all charges entered in the books of original entry truly and accurately posted to the proper accounts in journal and ledger. The account in the ledger of the association showing the receipts and disbursements of Mr. Cagwin as secretary is designated " Treasurer's account." On the bank books the same items show in the

" Second B. & I. Secy." account.   These two accounts are substantially the same, with the exception that the items which appear on the debit and credit sides, respectively, of the account in the so-called " Treasurer's account," on the books of the association appear on the credit and debit side, respectively, of the account on the books of the Joliet City Bank.   On January 10, 1898, the " Treasurer's account " showed a debit balance of $10,816.51, and on the same date the " Second B. & I. Secy." account showed a credit balance of $10,870.40.   The claim of appellant, filed by Mr. Barber as liquidator thereof, is for the amount shown by the books of the association, $10,816.51.

Appellant, for the purpose of establishing its claim in the court below, offered the above accounts in the books of the association and bank, after showing that the various entries therein were all in either the handwriting of Cagwin himself or his clerks and employes working under his direction and supervision, and made in the course of the ordinary business of the association and bank.   Appellant also offered various quarterly and annual statements of the affairs of the association, made pursuant to law and the by-laws of the association as spread of record on the journal of the association, and also as returned under oath by Cagwin as secretary to the state auditor, showing in his hands at various times the amount of funds specified in said treasurer's account.   This class of testimony was all offered as admissions made by Cagwin against his interest and in the discharge of the duties imposed upon him by the by-laws of the association, and binding on him and those claiming under him.   Objection was made to this class of proof on the ground that before it could be offered as against the objecting creditors, Mrs. Mack, Mrs. Camp and William M. Cochrane, trustee, proof must be made that the various entries were just and true; in other words, that it was incumbent on appellant to show by proof other than that furnished by the books themselves, that each item of cash shown on the " cash received " book of the association was actually received by Cagwin and actually depos-

34    APPELLATE COURTS OF ILLINOIS.

VOL. 103.] Second Borrowers & Investors Building Ass'n v. Cochrane.

ited in the bank. The court adopted the contention of the objecting creditors, and as before stated, at the close of claimant's case, ruled out all this class of evidence, and thereupon dismissed the claim as not established by competent proof.

The first and main question raised in this court under the errors assigned, is whether these books of account and other documentary evidence offered by appellant was competent evidence, and sufficient to establish a *prima facie* liability against Cagwin and his estate and for the balance in his hands as such ex-secretary, as shown by these books, when taken in connection with the other testimony in the case.

We think the evidence excluded was competent and admissible and sufficient to create a *prima facie* liability against Cagwin.

The evidence was excluded upon the theory that it was necessary to prove that the entries in the books and the statements in the various documents were in fact true, or in other words, that it was necessary to render them admissible to make the same kind and degree of proof that the statute requires as a foundation for the admission of books of account.

This was error. As against Cagwin the books and documents were admissible as admissions against interest.

The entries made by a party in books of account kept by him or under his supervision, are competent as admissions. Bartlett v. Board of Education, 59 Ill. 369; Alling v. Wenzell, 27 Ill. App. 516.

It is always competent to prove admissions of a party in interest to his prejudice, where it relates to a matter material to an issue being tried, and that without previously examining him in relation to such admissions. 1 Greenleaf on Evidence, Sec. 191; Brown v. Calumet River Ry. Co., 125 Ill. 600; C. & N. W. R. R. Co. v. Boone Co., 44 Ill. 240; Robbins v. Butler, 24 Ill. 387; Jones on Law of Evidence, Sec. 272.

The accounts of the association and sworn reports of Cagwin were official acts performed by him and showed

the amount of money received by him belonging to the association. The entries made by an official in the books of account kept by him as a part of his official duties are competent evidence against him of the receipt of the funds there stated. City of Chicago v. Gage, 95 Ill. 593; Cawley v. People, 95 Ill. 249; Doll v. The People, 145 Ill. 253.

If Cagwin is not entitled to have this evidence excluded neither is his assignee. The assignee simply stands in the shoes of the insolvent. He possesses no superior rights. An assignee succeeds to all the rights and obligations of the assignor. What the assignor was obliged to pay can not be denied by the assignee; he acquires no exemption from the obligation of the assignor which the latter did not possess at the time of the assignment. The mere act of assignment does not relieve the assignor from the duty of paying his debts and liabilities, and no more is the assignee relieved thereby. The assignment act merely provides a means for the equitable and *pro rata* distribution of the assets of the insolvent among his creditors without favor or preference. Parker v. Hull, Assignee, 46 Ill. App. 471.

The remaining question is, were the accounts and documents admissible against the objections of the contesting creditors.

These creditors are not parties litigant to this proceeding. The statute simply permits them under certain conditions to appear as aids to the assignee to defend against what they may deem unjust claims. Their relation may be likened to that of an *amicus curiæ*. The fact remains that this is a lawsuit in which the Second Borrowers and Investors Building Association is appellant and William M. Cochrane, assignee of the estate of Harry F. Cagwin, an insolvent, is appellee. The objecting creditors are not parties to the record. Their relations to and interest in the litigation in no wise change the rules of evidence. We hold that the books of account and other documents were admissible over the objection of both the assignee and the contesting creditors, and for the error of sustaining such objections the judgment of the County Court must be reversed and the cause remanded.