SAMUEL P. PARMLY

*v.*

J. HAMILTON FARRAR.

*Opinion filed October 26, 1903.*

1. APPEALS AND ERRORS—*when judgment will not be reversed upon the facts.* In view of section 56 of the Practice act, providing that "no more than two new trials upon the same grounds shall be granted to the same party in the same cause," a judgment will not be reversed upon the facts, where several juries have found the facts the same way and there is evidence in the record tending to sustain their verdicts.

2. REMITTITUR—*right of Appellate Court to allow remittitur.* Under section 81 of the Practice act the Appellate Court, in case of a partial reversal, may allow the entering of a *remittitur* and give such judgment or decree as the inferior court should have given.

3. EVIDENCE—*when exclusion of evidence will not reverse.* The exclusion of evidence is not ground for reversal if the facts sought to be established by the excluded evidence were made known to the jury by other testimony.

4. BROKERS—*admissibility of evidence in suit for commissions.* In an action for commissions on a sale of real estate the defendant is entitled to show that he was induced to enter into negotiations with the purchaser through some other agency than the efforts of the plaintiff.

*Parmly* v. *Farrar,* 105 Ill. App. 394, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is an action in assumpsit, brought by J. H. Farrar, a real estate broker, against Samuel P. Parmly, to recover commissions for procuring the sale of the Boone block in Chicago to W. D. Walker. The trial in the court below resulted in verdict and judgment for $5000.00 in favor of the appellee, Farrar. An appeal was taken from this judgment to the Appellate Court, where, upon compliance by the appellee with an order of that court

requiring him to remit $2500.00, the judgment of the superior court has been affirmed for $2500.00. From such judgment of affirmance the present appeal is prosecuted.

HECKMAN, ELSDON & SHAW, for appellant.

ARTHUR B. WELLS, and JOHN M. BLAKELEY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This suit has been tried four times. The first trial in December, 1890, resulted in a verdict for the appellee for $3000.00, which was set aside; and a new trial was granted. On the second trial there was a verdict in favor of appellee for $2500.00, and a new trial was again granted. The third trial resulted in verdict and judgment in favor of appellee for $5000.00. This third judgment was, upon appeal, affirmed by the Appellate Court; but, upon appeal to this court, it was reversed for error of the trial court in refusing to give an instruction asked by the defendant below, the present appellant, as will be seen by reference to the case of *Parmly* v. *Farrar*, 169 Ill. 606. Upon the reversal of the judgment of the Appellate Court by this court, the cause was again docketed in the trial court, and tried a fourth time. The fourth trial resulted in the judgment which it is sought to review by this appeal. When the case was tried the fourth time, the trial court gave for the defendant below the instruction, on account of the refusal of which the judgment rendered on the third trial was reversed by this court. The error, therefore, which resulted in the reversal, set forth in *Parmly* v. *Farrar*, 169 Ill. 606, has been obviated upon the last trial by the giving of the formerly refused instruction.

The first two points, made by the appellant in favor of a reversal of the present judgment, relate mainly to questions of fact, and to a discussion of the opinion of

the Appellate Court. It may be said again, as we said in *Parmly* v. *Farrar*, *supra*, (p. 608): "Much of the argument has been devoted to a discussion of the evidence, introduced by the respective parties in the superior court, but as we are precluded from passing upon questions of fact, it will not be necessary to allude to that branch of the case."

Section 56 of the Practice act, (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3054,) provides that "no more than two new trials upon the same grounds shall be granted to the same party in the same cause." Prior to the revision of 1874, the statute read as follows: "No more than two new trials shall be granted to the same party in the same cause." In commenting upon this statute, as it was before the revision of 1874, in *Silsbe* v. *Lucas*, 53 Ill. 479, we said (p. 482): "It would seem to be eminently proper where three juries have found the facts the same way, that there should be an end of the controversy as to what the facts are. The law having constituted the jury the judges of the facts, and only invested the judge with power to set aside the verdict when it is to his mind against the evidence, and when the persons authorized to find the facts have three times determined them the same way, the supervisory power of the judge should then cease, and the facts thus found should be conclusive." At the same time it was held, in that case, that the statute, providing that no more than two new trials should be granted the same party in the same cause, did not operate to restrain the court from granting any number of new trials upon errors of law. While it is true that this provision of the statute only applies to practice in the circuit court and other courts trying the facts, and not to Appellate Courts, yet we are inclined to give weight to the fact, that there have been four verdicts in favor of the appellee in this case, so far as the facts are concerned. We would not hesitate in any case to reverse a judgment, if the record showed that there was no evi-

dence whatever to sustain the verdict.   But, when there is evidence which tends to support the cause of action, the fact, that four juries have upon four trials found the facts the same way, makes us disinclined to disturb the judgment upon any considerations, which relate merely to the facts in the case.' The issue upon the fourth trial was the same as the issue upon the three other trials, to-wit: an issue formed by a declaration, consisting only of the common counts in *indebitatus assumpsit,* and the plea of the general issue filed thereto.   We agree with what the Appellate Court say in their former opinion rendered in this case: "There was clearly such testimony and documentary evidence as made out a case for the jury to pass upon." (*Parmly* v. *Farrar,* 67 Ill. App. 624). It is unnecessary to enter into a discussion of the evidence.   It is sufficient to say that there is evidence tending fairly to support the verdict, and, this being so, we regard the judgments of the lower courts as being conclusive upon us, so far as all questions of fact are concerned.

We also concur with the Appellate Court when they say in their last opinion deciding this case: "Unless material errors of law have intervened, or it is made to appear that passion, partiality or prejudice have guided the verdict, the facts three times determined the same way should be deemed conclusive.   This does not, in the case at bar, apply to the amount of the verdict, for that has varied, as before stated.   But that appellee is entitled to recover some amount, we are compelled to conclude as finally settled.   It is not to be presumed that passion, partiality or prejudice have influenced four different juries in as many trials." (*Parmly* v. *Farrar,* 105 Ill. App. 394).

So far as the entering of a *remittitur* is concerned, the statute expressly provides, (sec. 81 of Practice act, 3 Starr & Curt. Ann. Stat.—2d ed.—p. 3108,) that the "Appellate Court, in case of a partial reversal, shall give such judgment or decree as the inferior court ought to

have given, and for this purpose may allow the entering of a *remittitur*, either in term time or vacation, or remand the cause to the inferior court for further proceedings as the case may require." We have sanctioned the practice of allowing the entry of a *remittitur* in the Appellate Court. (*North Chicago Street Railroad Co.* v. *Wrixon*, 150 Ill. 532; *Chicago, Burlington and Quincy Railroad Co.* v. *Dickson*, 88 id. 431).

It is claimed by the appellant that the trial court erred in excluding certain evidence, offered by the appellant upon the trial below. The introduction of this evidence was for the purpose of showing that there were other circumstances outside of the agency of appellee, which brought the appellant and Walker, the purchaser, together in their negotiations. It is true that evidence, which tends to prove that the principal was induced to enter into the negotiations by some other agent than the plaintiff suing for his commissions, is both competent and material. (*Newton* v. *Ritchie*, 75 Iowa, 93; *Ellsmore* v. *Gamble*, 62 Mich. 543). In the case at bar, appellant owned the Boone block upon LaSalle street in the city of Chicago, and Walker, who purchased it from him finally, owned a building adjoining the Boone block on the south. It is claimed that there were negotiations between appellant and Walker in reference to the erection of a party wall between their buildings, and that Walker was to pay the cost of the party wall, and hold appellant harmless from damage or loss of any kind during the progress of its construction. It is not contended that any other agent than appellee brought appellant and the purchaser, Walker, together, but it is said that they were brought together by the fact, that negotiations with reference to the party wall were entered upon between them. While it is true that some of the evidence thus rejected might with propriety have been admitted, yet the facts, sought to be established by the excluded evidence, were made known to the jury by other testimony, and, therefore,

the appellant was not injured by the rejection of the evidence referred to. We agree with what is said by the Appellate Court in their opinion upon this subject; they say: "It was, we think, competent for appellant to show that other circumstances existed calculated to bring the parties together, and to effect the sale or exchange, such evidence having a direct bearing upon the question whether appellee's efforts, or other causes, brought it about. It does appear, however, that by appellee's direct testimony the jury were advised of the existence of these conditions. * * * The facts were therefore made known to the jury, notwithstanding the rejection of the evidence referred to." If the excluded evidence had been admitted, it would have been merely a repetition of evidence which had been admitted already.

When the case was here before, it was reversed because the trial court refused to give on behalf of the defendant below, the following instruction: "The jury are instructed, as a matter of law, that the plaintiff can not recover under the declaration in this case, unless he has shown by a preponderance of all the evidence in the case, a contract fully performed on his part." Although, when the case went back and the fourth trial took place, this instruction was given to the jury on behalf of the appellant, it is now claimed that the first instruction, given for appellee upon the last trial, was inconsistent with the instruction, which was refused upon the third trial. The instruction, refused upon the third trial, was the fifth instruction given for the appellant upon the last trial. This claim is properly disposed of by the following statement upon this subject made by the Appellate Court: "The suit was brought under the common counts upon the theory that a special contract had been fully performed, leaving only a simple debt due appellee. This contract, as stated by him, was modified so as to authorize an exchange of the property without the limitation as to price, and without reference to the exact

value of the property taken in exchange. We find, therefore, no error in the instruction complained of, and no conflict with the fifth instruction given in behalf of the appellant."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*