## C. E. Miller, Appellee, v. J. A. Walker, Appellant.

1. PLEADING—*when recovery cannot be had under common counts*. There can be no recovery under the common counts where the contract sued upon is unexecuted.

2. DAMAGES—*for breach of contract for exchange of properties*. Notwithstanding a tender may have been waived, in order to recover substantial damages for breach of a contract to make a trade of real property, it is incumbent upon the part of the plaintiff to make a tender or otherwise to show that he was ready, able and willing to perform the agreement on his part.

3. MEASURE OF DAMAGES—*in action for breach of contract for exchange of properties*. The true measure of damages in such a case is the difference between the fair cash market values of the properties agreed to be exchanged.

Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed October 18, 1910.

RAY & DOBBINS and SMITH & IUNGERICH, for appellant.

HENRY I. GREEN and JOHN H. CHADWICK, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

The plaintiff recovered a verdict and judgment against the defendant in the Circuit Court of Champaign county for $505, as damages alleged to have been occasioned by the failure of the defendant to comply with the provisions of a written contract for the exchange of certain properties, and the defendant prosecutes this appeal to reverse said judgment.

The contract which bears date November 20, 1908, provides, in substance, that the plaintiff should sell and deliver to the defendant certain property known as the Newman hotel, together with certain furniture and fixtures therein in Newman, Illinois, for the con-

sideration of $9,000, subject to an encumbrance of
$2,500 with accrued interest; that the defendant should
sell and deliver to the plaintiff certain real estate, to-
gether with a stock of hardware and agricultural
implements at Pesotum, Illinois, for the consideration
of $8,125; that $875, being the difference between the
considerations named, should be paid by the plaintiff
to the defendant in the event that the said stock of
hardware and agricultural implements should invoice
$3,500 or over, and in case said invoice shauld fall
short of said amount, the amount of such shortage
should be deducted from said sum of $875. Said con-
tract contains a further provision, as follows:

"It is further understood that this deal is being
consummated on the basis of the usual business cus-
toms, and warrantee deeds and merchantable abstracts
to govern, the same to be closed at as early date as
abstracts can be brought down and proper transfer
and invoice made."

The declaration contains a special count upon the
contract, together with the common counts. The spe-
cial count alleges a tender by the plaintiff to the de-
fendant of a good and sufficient warranty deed to the
premises agreed to be conveyed, together with posses-
sion of the property agreed to be transferred, and that
plaintiff demanded of the defendant that he turn over
to the plaintiff the possession of the property and con-
vey to the plaintiff the premises as agreed; that de-
fendant refused to carry out said agreement accord-
ing to the terms and conditions thereof and that
plaintiff was ready, able and willing to carry out and
perform all the terms of said agreement on his part.
There can be no recovery under the common counts
because the contract sued upon is unexecuted. Brand
v. Henderson, 107 Ill. 141; Parmly v. Farrar, 169 Ill.
606.

Upon the trial the case was submitted to the jury
upon the evidence offered on behalf of the plaintiff,
the defendant offering no evidence whatever, and the

evidence so offered by the plaintiff discloses a state of facts substantially as follows: Upon the execution of the contract the plaintiff employed one Belden to invoice the stock of hardware and agricultural implements, which invoice, fixing the value of said stock at from $4,300 to $4,600, was completed on November 24, and on the same day the plaintiff went to Pesotum having with him the deed purporting to convey to the defendant the property at Newman. Shortly after his arrival in Pesotum, plaintiff, in the presence of the defendant, was informed by the latter's wife, "that she did not want to sign the deed: that she was tired of moving around and wouldn't sign the deed anyway." Plaintiff then told the defendant that he was "prepared to deliver the goods" but would have to give a check or mortgage on the property until he could go home and get the money. Defendant objected to taking plaintiff's check or a mortgage on the property, and told the plaintiff to hold the papers until his return when the defendant's wife might be in better spirits. Plaintiff then went to his home in Newman, where he claims to have obtained $875 in cash, and returned to Pesotum on November 27, when he saw the defendant in the latter's store and was informed that nothing had been done, but was told he could go down and talk to Mrs. Walker. Plaintiff then saw Mrs. Walker and informed the defendant that she objected strongly at first but finally talked favorably, and advised defendant to say nothing to her for a few days when she might be all right. Plaintiff then did nothing with reference to the money, but returned to his home upon being informed by the defendant that the business could not be concluded. On or about December 25, following, plaintiff again went to Pesotum having with him certain deeds and papers together with the $875 in cash, which he tendered to the defendant and demanded a compliance by the latter with the terms of the agreement, but the defendant refused and ordered the plaintiff out of his premises in language more

forcible than elegant. Plaintiff testified that upon the occasion of his visit to Pesotum on November 24, the abstract of title to the property in Newman was in the possession of the person who held the mortgage on said property; that he thereafter procured said abstract and gave it to one Heines who returned it to him in January or February following. The said abstract of title was not offered in evidence, and it does not appear from the evidence in the record that the plaintiff had or could procure any title whatever to the property in Newman which he agreed to sell and convey to the defendant. The relation borne by Heines to the transaction in question does not clearly appear, but it is manifest that he was not the agent of the defendant.

While there is evidence in the record tending to show that the fair cash market value, free from encumbrance, of the property in Newman was from $6,000 to $6,500, there is no competent evidence in the record tending to show the fair cash market value of the property in Pesotum, which the defendant agreed to sell and convey to the plaintiff. In this state of the record a recovery by the plaintiff of substantial damages was unwarranted. While an unqualified refusal by the defendant to comply with the terms of the agreement on his part would operate to waive a tender to him by the plaintiff of a deed or deeds and bill of sale of the property in Newman, together with an abstract of title to the real estate and the cash payment of $875, it was nevertheless incumbent upon the plaintiff, in order to warrant a recovery of substantial damages, to show that he was ready, able and willing to perform the agreement on his part as alleged in his declaration. Scott v. Beach, 172 Ill. 273; Osgood v. Skinner, 211 Ill. 229.

By the 1st, 2nd, 3rd and 6th instructions given at his instance the plaintiff assumed the burden of proving that he was ready, able and willing to perform the contract on his part before he should be entitled to a

·recovery of damages for its non-performance by defendant.

The true measure of damages in this case was· the difference between the fair cash market value of the properties agreed to be exchanged. Plummer v. Rigdon, 78 Ill. 222; Warren v. Chandler, 98 Iowa 237.

The court did not err in admitting in evidence as a part of the *res gestae* the statements made by the wife of the defendant in the latter's presence relative to her refusal to sign a deed.

Because the verdict is not supported by the evidence the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice Philbrick took no part in the consideration of this case.