## Charles A. Johnson, Appellant, v. C. F. Peterson, Appellee.

1. EVIDENCE—*when admissions competent.* Where admissions are made by a party to a suit, such admissions are original and substantive evidence against him, and not necessarily for impeachment, and may be proved without laying a foundation by asking him if he made the statements.

2. ASSUMPSIT—*when recovery cannot be had on quantum meruit.* In the absence of evidence as to the value of the services sued for, a recovery cannot be had upon a *quantum meruit.*

Assumpsit. Appeal from the Circuit Court of Ford county; the HON. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed November 1, 1911.

JOHNSON & JOHNSON and FRANK LINDLEY, for appellant.

CLOUD & THOMPSON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in assumpsit brought by a real estate agent, to recover commission for procuring a purchaser for an eighty acre farm owned by defendant. The declaration contains only the common counts. The defendant filed the general issue. Upon trial, a jury returned a verdict in favor of the defendant, on which judgment was rendered. The plaintiff appeals.

Plaintiff contends that the trial court erred in permitting questions to be asked a witness as to certain admissions and statements made by plaintiff, which were contradictory to the evidence given by plaintiff, without first requiring the plaintiff to be asked if he had not made such statements. Where admissions are made by a party to a suit, such admissions are original and substantive evidence against him, and not necessarily for impeachment, and may be proved without laying a foundation by asking him if he made the statements. 1 Encyc. of Ev. 610; Brown v. Calumet River Ry. Co., 125 Ill. 600; Borrowers & Investors Build. Ass'n v. Cochrane, 103 Ill. App. 29.

Plaintiff testified that in October, 1910, he went to see the defendant, who authorized him to sell his farm for $150 an acre net to him, for $4,000 cash, the balance of the purchase money to be secured by a first mortgage on the farm to run five years with five per cent interest, and that plaintiff was to have as his commission all that the farm sold for over that amount. Plaintiff further testified that on November 3rd, he took Benjamin Dyer to see the farm; that on November 5th Dyer told the plaintiff that he would purchase the farm at $160 per acre and pay $4,000 on March 1st, and give a first mortgage for the balance; that plaintiff that afternoon met defendant on the streets of Paxton and told him that he had sold the farm to Dyer for $4,000 down, and a first mortgage for the balance, and that defendant then informed him he had a right to raise the price

when he saw fit and that a real estate man had told him he could get $160 an acre net and he had raised the price to $160 per acre. Defendant testified that he authorized plaintiff to sell his farm at $150 an acre and that plaintiff was to have a commission of $1 an acre; that he told plaintiff that another man named Roden was also an agent to sell it; that he saw plaintiff on November 5th, on the streets of Paxton, and told him that he had raised the price of his land to $160 an acre; that plaintiff did not tell him at that time or any other that he had found a purchaser, but that plaintiff did tell him that he expected a man "to come in next Monday" and that plaintiff never mentioned Dyer's name to him; that he had told plaintiff he was going to rent the farm on the 5th, and when plaintiff told him a man was coming on Monday he waited until the 9th of November and then called plaintiff by telephone and asked him if he had anybody to buy the farm and plaintiff told him no, and that he then rented it to plaintiff's cousin.

Plaintiff testified that he told Dyer on the evening of November 5th, that defendant wanted more money, and Dyer said let it go, he would not give any more. Plaintiff did nothing thereafter towards selling the farm. On November 24th Dyer through another agent contracted for the purchase of the farm at $165 an acre, paying $1,000 cash and agreeing to pay $2,500 March 1st next, and to give a first mortgage for the balance.

The evidence as to the terms of the agency was conflicting and the jury were justified in finding that the minds of the parties did not meet. The evidence of plaintiff shows that he contracted not to furnish a purchaser but to sell the farm and that plaintiff did not sell the farm.

There was no evidence as to the value of the services rendered, therefore no recovery could be had on a *quantum meruit* on the common counts. Parmley v.

Farrar, 169 Ill. 606; Hart v. Carsley Mfg. Co., 221 Ill. 444.

The jury were fully instructed on the part of the plaintiff and we find no error either in giving or refusing instructions. The judgment is affirmed.

*Affirmed.*